## BRADY *v.* STILLMAN, impleaded, etc.

*(Circuit Court, S. D. New York.* August 10, 1887.)

1. PRINCIPAL AND AGENT—ACTION FOR COMMISSION—PLEADING—AVERMENT OF TITLE.

A complaint in an action at law set out that the defendants "represented to the plaintiff .that they were the owners of Fort Brown reservation, in Texas;" that they duly authorized him to represent them in negotiations with the general government for the adjustment of their claims against the United States, arising out of the taking and use of the reservation by it, and in that connection to sell the property, if need be,—agreeing to pay him for his services a commission on what was actually collected; that, through his exertions, a bill was introduced in congress, which was passed, appropriating money for the purchase of the reservation, upon a complete title being made to the United States; and that the defendants had refused and neglected to obtain the money by their refusal to execute the necessary papers to convey a title, and that such refusal was owing to a private dispute among themselves, and that the non-collection of the money was wholly owing to their default. *Held,* on demurrer, that the complaint sufficiently sets out the present ability of the defendants to execute the necessary papers, their power to obtain the money, and their refusal to collect it. A positive averment that they had a good title is not also necessary.

2. SAME—SEPARATE COUNTS.

The third count of same declaration was to the effect that, after the passage of the act authorizing the purchase of the reservation, the defendants employed the plaintiff to represent them in respect of certain adverse claims made by other persons, so as to enable them to obtain the money appropriated, and agreed to pay him $12,000 *out of the amount so appropriated,* and that they had failed to make such payment, having neglected to convey a clear title, etc. *Held,* that the count was bad on demurrer; the statement of the cause of action not being complete either by itself or by reference to any other count.

At Law. On demurrer to complaint.
*John F. Dillon* and *H. M. Herman,* for plaintiff.
*Thomas G. Shearman,* for defendants.

SHIPMAN, J. This is a demurrer to the complaint in an action at law which was originally brought to a state court, and was removed to this court. The complaint alleges, in substance—

"That the defendants represented to the plaintiff that they were the owners of the Fort Brown reservation, in Texas, occupied for many years by the government of the United States, which had refused to pay anything for the use and occupation thereof; that they requested the plaintiff to render services in obtaining compensation from the United States for the premises, which they represented that they were willing to sell for a reasonable price; and that they thereupon delivered to the plaintiff two powers of attorney, the substance of which was that they authorized the plaintiff to represent them in negotiations with the U. S. government for the adjustment of their claims against the government, arising out of the taking and use of the Fort Brown reservation. That, at the request of the defendants, the plaintiff opened negotiations with the secretary of war, and presented the claim to a member of congress, who introduced into congress a bill authorizing a settlement of the claim, which was referred to a committee, before which the plaintiff attended and which reported the bill favorably, and in consequence congress, in an act

making appropriations, on March 3, 1885, enacted as follows: 'To enable the secretary of war to acquire a good and valid title for the United States of the Fort Brown reservation, * * * the sum of one hundred and sixty thousand dollars: provided, that no part of this sum shall be paid until a complete title is vested in the United States.' That, just before the passage of this act, the plaintiff and the defendant entered into a contract in regard to his compensation for services, which contract is contained in the following extract from a letter of the defendant Stillman's counsel:

" 'He is, however, willing, in case you see fit, and write him or myself accordingly, to give for all services connected with the Fort Brown property, up to the time that the present session of congress shall close, commissions on such sum as may be by him actually collected under any act which becomes a law at this session, on the following basis:

| | | | | | |
|---|---|---|---|---|---|
| 10 per cent. on | - | - | - | $150,000 or less, | $15,000 or less. |
| 50 " " " the next | - | - | 10,000 " " | 5,000 " " |
| 100 " " " " " | - | - | 10,000 " " | 10,000 " " |
| | | | | $170,000 " " | $30,000 " " |
| 50 " " " | - | any sum so collected in excess of $170,000. | | | |

" 'The parties interested in the property are under no circumstances to receive less than the net sum of $135,000 cash.' "

## The complaint further alleges as follows:

"Plaintiff states that after the passage of the said act the defendants, and each of them, have refused to execute, and cause to be executed, the necessary papers to convey to and vest in the United States the title to the said property, though often requested so to do by the plaintiff, and although a reasonable time for so doing has long since elapsed. Plaintiff states that it is no fault of his, and that it is wholly through the fault and neglect of the defendants, and in consequence of their violation of their promise to him, and their duty towards him, that the said money has not been actually collected from the United States; it being in the power of the defendants, at any time, by executing a complete title to the United States, to obtain said money. Plaintiff is informed by the said defendants that they have fallen into some private dispute among themselves as to their respective rights in and to the said property, and in respect of other transactions, by reason of which the defendants refuse to make the necessary conveyances of said property to the United States, in order to obtain the said sum of money appropriated therefor.

"As a second cause of action, the plaintiff repeats all the foregoing allegations, and adds that, if an express contract is not binding upon the defendants, the plaintiff's services were reasonably worth twenty thousand dollars.

"For a third cause of action, the plaintiff alleges that after the passage of the act of March 3, 1885, the defendants employed the plaintiff to represent them, and to render services in respect of certain adverse claims made by other persons, so as to enable the defendants to obtain money appropriated by congress; which services the plaintiff rendered, for which the defendants agreed to pay the plaintiff twelve thousand dollars *out of the amount so appropriated;* but they have not paid any part thereof, having neglected to make 'the proper conveyances to vest the said property in the United States, and obtain payment of the said money.' Only so much of the first cause of action is referred to in the second cause of action as relates to the failure on the part of defendants to make a conveyance to the United States.

"For a fourth cause of action, the plaintiff repeats all the foregoing allegations, and alleges that the services rendered by him, as stated in the third cause of action, were reasonably worth twelve thousand dollars."

In each of these alleged causes of action the defendant Stillman demurs, upon the ground that the same does not state facts sufficient to constitute a cause of action.

The principal objection to the first, second, and fourth counts is that it appears from the written contract, which is a part of the complaint, that the commissions and the fees for services were to be paid upon and from such sum as should be actually collected by the defendant under the act; that the complaint shows upon its face that no money has ever been collected; and that the plaintiff's reliance for a recovery is the unwarranted refusal of the defendants to convey the title to the United States, and thereupon to receive the amount which was appropriated by the act; but that this averment is insufficient to lay the foundation for a recovery, because it is not made to appear that the defendants had any title to the property, much less a good and valid title.

The defendant does not deny that he cannot insist upon the non-performance of a condition precedent, when such non-performance has been caused by his own improper act, (*Williams* v. *Bank of U. S.*, 2 Pet. 96; *Risley* v. *Smith*, 64 N. Y. 576,) but he says that no money could be paid or received unless the United States acquired a good title, and that the complaint does not show that the defendants were able to give such a title. It is true that the allegation that the defendants represented themselves to be the owners of, or interested in, the property, does not aver ownership, and it is true that the complaint does not contain a positive, affirmative allegation that the defendants are vested with a good and valid title to the land; but there is a sufficiently clear statement in the complaint that the defendants have the present ability to collect the money, and are willfully refusing to do so, and that the non-reception of the money is entirely owing to their default. It is alleged that they have refused to execute the necessary papers to convey to and vest in the United States the title to said property; and that it is wholly through their fault and neglect that the money has not been collected; and that it is in their power, at any time, by executing a complete title, to obtain the money, and that he is informed by them that a private dispute is the cause of their refusal to make the conveyances which are necessary to obtain the appropriation. These averments sufficiently state the present ability of the defendants to execute the necessary papers, and that it is in their power to obtain the money and that they refuse to collect it. A positive averment that they have a good and valid title is not necessary in addition to the averments which are contained in the complaint.

The third count seems to be defective in the following particular: Whereas, the statement of each cause of action should be separate, and the requisite facts pertaining to each cause should be stated, either expressly or by reference to some other count wherein they are expressly alleged, the third count alleges nothing, either directly, or by reference to any other count, in regard to the connection of the defendants with the Fort Brown reservation, or in regard to the act of congress relating thereto. It is necessary, in order that this count may be complete in itself, to restate the averments in regard to the connection of the defend-

ants with the Fort Brown reservation, and in regard to the act of congress, either at length, or by reference to the averments in the first count, so that the third count can be a complete statement of the plaintiff's case, instead of, as at present, an incomplete and imperfect statement of it. *Sinclair* v. *Fitch*, 3 E. D. Smith, 677.

The demurrer to the third cause of action is sustained, with leave to the plaintiff to amend, without costs.