### THE HOME BANK, Appellant, *v.* JOHN C. DRUMGOOLE, Respondent.

The firm of Guy & Amery contracted with defendant to make, put up complete and paint a wire fence for the price of $1,150. Before beginning the work said firm drew an order on defendant in these words : "Forty days after date pay to the order of Guy & Amery $1,150, and charge the same to account of contract. On account of contract when completed and satisfactory." This was accepted by defendant. The order was on the day of its date indorsed by the drawers and taken by plaintiff in the regular course of business and the whole amount thereof placed to the credit of the drawers in the bank. At the expiration of forty days the order was presented to defendant, who refused to pay on the ground that the contract had not been fully performed, and therefore the order had not become due. In an action upon the order, *held,* that defendant was not obligated by his acceptance to pay at the expiration of the forty days, but only after the performance and completion of the contract.

There was evidence tending to show that performance had been delayed from time to time by changes in the work, and extra work required by defendant; that the whole work was completed except the painting, which the contractors claimed they were relieved from doing, having done extra ·

Statement of case.

work in an amount greater than the cost of painting, and that this extra work should offset the painting. This, defendant would not allow, and the contractors thereafter refused further performance. Plaintiff thereupon arranged with the contractors that it should finish the work, and employed men for that purpose, but defendant refused to allow them to do the work, saying he would finish it himself and plaintiff could pay him the amount it had agreed to pay, to which plaintiff assented. Defendant did not paint the fence, and in that particular the contract remained unperformed. The plaintiff was nonsuited at the trial. *Held,* error; that it was the duty of defendant to permit plaintiff to finish the contract, and having refused to do so, he could not set up non-performance as a defense; also, that having agreed to do the painting, he was not in a position to dispute the performance of the contract; and that plaintiff, if its evidence was believed by the jury, was entitled to recover the amount of the order, less the amount agreed upon for the painting.

(Argued March 12, 1888; decided March 20, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 8, 1886, which affirmed a judgment entered upon an order dismissing the complaint and overruled plaintiff's exceptions to the rulings of the trial court.

The nature of the action and the facts are sufficiently stated in the opinion.

*William F. MacRae* for appellant. The defendant was liable absolutely at the maturity of the bill on his acceptance, irrespective of the condition of the work or contract between him and Guy & Amery. (*Munger* v. *Shannon,* 61 N. Y. 255; *Schmittler* v. *Simon,* 101 id. 554; *Brill* v. *Tuttle,* 81 id. 457; *Corbett* v. *Clark,* 30 Am. Rep. 763; 45 Wis. 403; *Redman* v. *Adams,* 51 Me. 433; *Macleod* v. *Snee,* 2 Strat. 762; *Stevens* v. *Blount,* 7 Mass. 240; *Ernst* v. *Steckman,* 74 Penn. 13; *Jordan* v. *Tate,* 19 Ohio [N. S.] 586; *Helmer* v. *Krolick,* 36 Mich. 373.) The General Term erroneously construed the acceptance of defendant as only binding him to pay when the contract was completed and satisfactory. (Edwards on Bills, 424; *Spurgin* v. *McPheeters,* 42 Ind. 527; *Sylvester* v. *Staples,* 44 Me. 496; *Murray* v. *N. Y. Life Ins. Co.,* 85

N. Y. 239.) ·The conduct of defendant in interfering with and changing the terms of the contract entirely precludes him from insisting on its non-completion as a defense. (*Risely* v. *Smith*, 64 N. Y. 582; *Gallagher* v. *Nichols*, 60 id. 438.) Where a builder has, in good faith, intended to comply with the contract, and has substantially complied with it, although there may be slight defects caused by inadvertency or unintentional omissions, he may recover the contract-price less the damage on account of such defects. (*Woodward* v. *Fuller*, 80 N. Y. 315; *Heckman* v. *Pinkney*, 81 id. 211.) Knowingly acquiescing in a deviation from a contract is deemed a waiver of its strict peformance. (*Pike* v. *Nash*, 3 Abb. Ct. of App. Dec. 610; *Bogue* v. *Newcomb*, 1 T. & C. 251.)

*John J. Macklin*, for respondent. The paper writing sued on is not a bill of exchange or promissory note, nor an unconditional order for the payment of money. (*Van Wagener* v. *Terrett*, 27 Barb. 181; *Gallagher* v. *Nichols*, 60 N. Y. 445.) Plaintiff has no cause of action independent of the instrument sued on, and to entitle it to recover it must show that the work was completed to the satisfaction of the defendant. (27 Barb. 181; 60 N. Y. 445.) If there was any reasonable ground for refusing to accept the work, then no recovery can be had. (*Van Wagener* v. *Terrett*, 27 Barb. 181; *Duplex Co.* v. *Garden*, 101 N. Y. 391.) The evidence shows that the contract was abandoned by the contractors, and no recovery can be had for the work done, even if it be assumed that the contract was substantially performed. (*Crane* v. *Knubel*, 61 N. Y. 645.) Plaintiff, in order to recover, must show affirmatively that his contract was substantially performed or the work accepted by defendant. (*Fallon* v. *Lawler*, 102 N. Y. 228, 230; *Smith* v. *Brady*, 17 id. 173; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 102 id. 205; *Woodward* v. *Fuller*, 80 id. 312; *Dauchy* v. *Drake*, 85 id. 407, 411.) Admitting there was evidence of an agreement waiving exact performance, it being without consideration was void. (*Fallon* v. *Lawler*, 102 N. Y., 231, 232.)

EARL, J.   On the 24th day of July, 1883, Guy & Amery, entered into a contract with defendant, the terms of which are contained in the following letter addressed by them to him:

"NEW YORK, *July* 24, 1883.
" FATHER DRUMGOOLE:

*Reverend Sir.*—We are prepared to make and put up complete the wire fence as described to us by Mr. Newman, being more or less, 450 ft. long by six feet high made of No. 6 wire 2 in. mesh in ⅞ groved iron frames, and furnish and set the required stone blocks 8″x8″x18″ for foundation and smaller stone blocks for the necessary stays, which stays shall be of ¾″ iron.   The railing to include 4 pairs of gates 6 ft. wide, each pair with arched tops.   The gates to be furnished with latches and padlocks and the whole railing to be ornamented at top with pickets of three prongs ($\varphi$) so that the boys cannot get hold.   The whole to be painted with three coats of paint and to be made a first class job in every respect.   For this job we will charge you $1,150 (one thousand one hundred and fifty dollars).

" Yours respectfully,

"GUY & AMERY."

Thereafter on the 31st day of July, 1883, they drew upon the defendant the following order:

"$1,150.                        NEW YORK, *July* 31, 1883.

" Forty days after date pay to the order of Guy & Amery eleven hundred and fifty dollars, and charge the same to account of contract.

" On account of contract when completed and satisfactory.

"GUY & AMERY.

"To Rev. FATHER DRUMGOOLE, *No.* 2 *Lafayette Place.*"

This order was accepted by the defendant by writing upon the face thereof "accepted," and subscribing his name thereto.   It was on the day of its date indorsed by Guy & Amery, and delivered to and taken by the plaintiff in the regular course of banking business, and the whole amount thereof was placed to the credit of Guy & Amery in the

bank.   The order was, at the expiration of the time specified therein, to wit., 12th of September, 1883, presented to the defendant for payment, which was refused; and in March, 1884, this action was commenced to recover the amount payable thereon.   The defense relied upon is that the work which Guy & Amery contracted with the defendant to do was not fully performed, and that, therefore, the money upon the order had not become due and payable, and it was upon that ground that the plaintiff was nonsuited at the trial.

We are of opinion that, upon the whole evidence given by the plaintiff, it should not have been nonsuited, and that the case should have been submitted to the jury.   We agree with the defendant that the order was not a bill of exchange absolutely payable at the end of forty days, whether the contract was then completed or not.   It was drawn by the contractors to their own order, and accepted by the defendant before any work under the contract had been done.   It is against every probability that he intended to accept the order and obligate himself absolutely to pay the contract-price, whether the work was performed or not.   It was the clear intention of the parties that the money specified in the order should be paid when the contract was completely performed, and not before; and by accepting the order the defendant became obligated to pay it only according to its tenor and effect, and he was not, therefore, obligated to pay prior to 'the performance and completion of the contract.   It is quite true that the specification of forty days after date as the time for payment of the order produces some doubt and confusion.   But the time was probably inserted with the expectation that the contract would be performed, as it could have been, within that time, so that the money should not, in any event, be payable in a shorter time. It is difficult to give any proper meaning to the words " on account of contract when completed," if the amount was to be absolutely payable at the end of forty days, whether the contract was then complete or not.

But we think under the evidence the defendant was not in a position to dispute the performance of the contract.   There

is evidence tending to show that performance had been delayed, from time to time, by changes required by him in the work to which he was not entitled under the contract, and that the whole contract was completed with the exception of the painting. Guy & Amery had claimed that they had done extra work at the request of the defendant, for which he had become liable to them in an amount greater than the cost of painting, and that the amount due them for such extra work should stand in the place of painting which the defendant should himself do. This the defendant declined, and Guy & Amery thereafter ceased further performance of their contract. But the president of the plaintiff, having an interest on behalf of the plaintiff that the contract should be performed in order that the money should become due upon the order, made some arrangement with Guy & Amery by which the plaintiff was to finish the work upon the contract; and in pursuance of that arrangement he went to the defendant with two workmen whom he employed to go on and complete the work contracted for by Guy & Amery, and those men the defendant would not allow to do the work as he did not "like them;" and he then said to plaintiff's president, "I will finish the work myself, and don't you pay Mr. Amery any more money; reserve the $100 which you have agreed to pay him, because I have got to be at some expense, and when the work is done I will notify you and you can pay me the $100," and then the plaintiff's president left the defendant upon that agreement and understanding, and thereafter did not see or hear from him. The defendant did not in pursuance of that arrangement paint the fence, and in that respect the contract of Guy & Amery has never been performed.

We are of opinion that it was the duty of the defendant to permit the plaintiff to do the painting and thus finish the contract, and having refused to do so he cannot now complain that the contract was not completely performed. He could not defeat performance of the contract, and then set up non-performance as a defense to this action. (*Risley* v. *Smith*, 64 N. Y. 576.) The proof tends to show that $100

was more than sufficient to pay the expense of painting, and the defendant having agreed for that sum to do the painting was bound to do it and could not omit to do it and then set up that it had not been done as a defense to this action. It was his own fault that the fence was not painted. He could paint it and claim the $100, or he could omit to paint it and take the $100 and paint it at his will. Therefore, resting upon this agreement, upon the evidence as it now appears, the plaintiff was entitled to recover the amount of the order, deducting the $100. So, in any view we can take of this case, there was evidence which should have been submitted to the jury, and which, if believed, would have established the plaintiff's right of recovery.

The judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed