GOLDSMITH *v.* COOK.

*(City Court of New York. General Term.   December 24, 1890.)*

REAL-ESTATE BROKER—COMMISSIONS—DEFENSES.

Where a real-estate broker has performed his contract by procuring a purchaser ready to pay the agreed price, the fact that the owner has also employed another broker, and paid him for effecting a sale to a third person, is no defense to an action by the first broker for his commissions.

Appeal.from trial term.

Action by Isaac Goldsmith against Valentine E. N. Cook for commissions as a real-estate broker. There was a verdict and judgment in plaintiff's favor, and defendant appeals.

Argued before McADAM, C. J., and VAN WYCK, J.

*Smith Tuttle,* for appellant.   *J. G. Mitchell,* for respondent.

PER CURIAM. The plaintiff swears that the defendant employed him as a broker to sell the realty in question for $13,000; that he procured Marx Rinaldo as a purchaser at that price, and that the defendant refused to sell unless Rinaldo paid $250 more for the property, which Rinaldo refused to do. The defendant denied the employment, and claims that on the same day he sold the property to Annie E. Crooker for $13,150. The evidence was conflicting, and the case had to go to the jury. The fact that the defendant employed and paid another broker, who effected a sale to another person, was not a defense; and the evidence respecting it was incompetent, and therefore properly excluded. *Jarvis* v. *Schaefer,* 105 N. Y. 289, 11 N. E. Rep. 634. It is settled that when one of the contracting parties either prevents or waives the literal performance of a condition precedent, which the other is ready and offers to fulfill, he cannot avail himself of such non-performance to relieve him from his own obligation. *Moses* v. *Bierling,* 31 N. Y. 463; *Risley* v. *Smith,* 64 N. Y. 576; *Bank* v. *Drumgoole,* 109 N. Y. 63, 15 N. E. Rep. 747. The evidence sufficiently sustains the verdict, and we find no error requiring a new trial. Judgment affirmed, with costs.