ABRAM B. MERSEREAU and Another, Respondents, *v.* ANNETTA VILLARI, Appellant.

*Acceptance of an order — obligation created thereby — when not absolute.*

Every acceptance of a draft or order constitutes an agreement to comply with the request contained in the instrument. It is an undertaking to pay according to the request when the draft or order falls due.

The firm of Keeley & Son contracted with Annetta Villari to erect a house, for which she agreed to pay them $1,600 in four installments of $400 each. Keeley & Son gave an order to Mersereau Brothers upon her for $349.54 to be paid out of the last payment to become due on such contract, which order was accepted by her.

An action brought to enforce the collection of such order was defended upon the ground that the contractors had failed to perform their agreement, and that the last payment, therefore, never became due to them.

*Held*, that the contract, the order and its acceptance, must be construed together;

That the obligation of the defendant was not absolute, but depended upon the contingency of the contractors earning the last payment;

That, if without the fault of the defendant, no part of the last installment became due under the contract, the payment of the order did not become obligatory upon her, but that, if the defendant wrongfully prevented such contractors from completing the house, she was liable upon the order.

APPEAL by the defendant, Annetta Villari, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Richmond on the 5th day of May, 1893,

upon the verdict of a jury rendered after a trial at the Richmond Circuit, and also from an order entered in said clerk's office on the 9th day of June, 1893, denying the defendant's motion for a new trial made upon the minutes.

*Robert W. Todd*, for the appellant.

*W. J. Powers*, for the respondents.

DYKMAN, J.:

This is an appeal from a judgment entered upon the verdict of a jury, and also from an order denying a motion for a new trial made upon the minutes of the court.

The action was based upon a written instrument in these words:

"PORT RICHMOND, *April* 18, 1892.

"Annette Villair will please pay to Mersereau Bros. three hundred and forty-nine 54-100 dollars out of last payment to become due me on my contract with you for the erection of a house on Bay street, Clifton, Staten Island.

"DENNIS KEELEY & SON."

Written across the face of the paper were these words: "Accepted. Annetta Villari."

It appears from the case that the defendant made a contract with Keeley & Son for the erection by them of a house for her, for which she agreed to pay them $1,600 in four installments of $400 each.

The plaintiffs furnished materials to the contractors for the construction of the building, and the contractors gave them the order therefor as we have already stated.

The action was defended upon the ground of the failure of the contractors to perform their agreement, and so that last payment never became due them.

It is to be stated at the outset that the contract, the order and acceptance, must be construed together, and considered in connection with each other.

Every acceptance of a draft or order constitutes an agreement to comply with the request contained in the instrument. It is an undertaking to pay according to the request when due.

By the acceptance of the order the defendant became liable to pay the order out of the last payment to become due Keeley & Son,

under their contract with the defendant for the erection of the house.

The obligation of the defendant was not, therefore, absolute, but was dependent upon the contingency of the earning of the last payment by the contractors.

If, therefore, without the fault of the defendant, no money became due under the contract upon the last installment, the payment of the order did not become obligatory.

But the defendant cannot set up her own default to render the order inoperative; she could not wrongfully prevent the creation of the fund, and then set up its failure as a defense to an action on the draft. (*Gallagher* v. *Nichols*, 60 N. Y. 438; *Risley* v. *Smith*, 64 id. 576; *Home Bank* v. *Drumgoole*, 109 id. 65.)

It was claimed upon the trial that the contractors were wrongfully prevented from completing their contract by the defendant, and there was some testimony to support that contention.

The trial judge, therefore, charged the jury in accordance with his ruling upon the motion for a nonsuit, that the real question narrows itself right down to this: Whose fault was it that Mr. Keeley did not finish this house? If it was his own fault, Mr. Mersereau, who really is a disinterested party in this transaction and has nothing to do with the relations of these other parties except his interest in getting his money, must lose his money as against this defendant. Of course, he has a claim against Mr. Keeley, notwithstanding that. But if Mr. Keeley was not in fault, and Mrs. Villari wrongfully prevented him from finishing the house, then Mr. Mersereau is entitled to recover this amount of money.

There was no exception to this charge, but the question is raised by the denial of the motion to dismiss the complaint.

The jury found a verdict for the plaintiffs for the amount of their claim, and so must be presumed to have found that the defendant wrongfully prevented the contractors from finishing the house.

Under the authorities to which we have referred, the verdict is in accordance with well-established rules of law and the judgment and order should be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.