(6 Misc. Rep. 380.)

### NORRIS v. TIFFANY.

(Common Pleas of New York City and County, General Term. January 2, 1894.)

1. CONTRACTS—CONSIDERATION—RECIPROCITY OF PROMISES.
   In a bilateral contract the reciprocity of promises is a sufficient consideration.
2. PAROL EVIDENCE—CONDITION—PRECEDENT TO INCEPTION OF WRITTEN CONTRACT.
   In an action on a written contract, oral evidence of a condition precedent to the inception of the contract, but not inconsistent with its terms, is admissible to defeat the contract.
3. SAME—WANT OF CONSIDERATION.
   The evidence is unavailable to a defendant whose only answer is a want of consideration.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by William M. Norris against Walton C. Tiffany. From a judgment of the general term of the city court affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Daniel D. Sherman, for appellant.

Augustine R. McMahon, for respondent.

PRYOR, J. In an action by the payee against the maker of a promissory note the only defense pleaded is a want of consideration; but upon the defendant's own evidence the quid pro quo is obvious and abundant. He introduced an agreement under seal between himself and the plaintiff, whereby, in consideration of the sale to him of plaintiff's interest in their copartnership, he covenanted to pay plaintiff $5,900 and to save him harmless from the firm debts and liabilities; and whereby, on his part, plaintiff covenanted to transfer his interest in the copartnership to the defendant, and took upon himself certain obligations; among others, not to engage in business in competition with the defendant. In pursuance of the terms of the agreement, defendant executed two notes for the purchase price of plaintiff's interest,—one for $5,300, payable in sixty days; and the other for $600, payable in one year. The latter is the note in suit. Plaintiff's executory engagements and the transfer of his interest constitute an immediate and ample con-

sideration for defendant's promise to pay the price of his purchase. But defendant argues that by a stipulation in the agreement the title to the copartnership interest sold was not to pass until payment of the $5,300 note. What of it? The consideration of the contract, then, would subsist in a reciprocity of promises,—on the one part to transfer and on the other to pay,—and such mutuality of engagements is, upon elementary principles, sufficient to uphold an assumpsit. An action on the $5,300 note would lie before the transfer of the title, because such is the legal effect of the agreement, and the obvious intent of the parties. The plaintiff retained the title as security for the price, and, if he cannot get the price until the title passes, the security would be worse than nugatory, and the express object of the parties frustrated. It is the common case of a conditional sale, in which payment is a prerequisite to the passage of title. Foundry Co. v. Grant, 114 N. Y. 40, 21 N. E. 49; Manufacturing Co. v. Walker, 114 N. Y. 7, 20 N. E. 625. Indeed, for anything apparent in the record, the $5,300 note has been paid, and the title vested in the defendant. The defendant offered proof of a conditional delivery of the note in suit, and he relies upon an exception to the exclusion of the evidence to reverse the judgment.

Oral proof of a condition precedent to the validity of a written contract, if not contradictory of its terms, is certainly admissible. (Reynolds v. Robinson, 110 N. Y. 654, 18 N. E. 127;) because, like evidence of fraud and duress, it goes, not to the alteration, but to the defeat of the contract. Evidence of noncompliance, with an extrinsic oral stipulation upon which the validity of the paper as an operative instrument is suspended, is simply proof that there was no contract, and so is consistent with the familiar principle. The trouble with the defendant is that under the pleadings the proof was not available to him. He admitted the note, and answered merely that it was without consideration. At the trial he offered evidence of another and different defense, and, upon objection to its irrelevancy, the court properly excluded it. The fundamental rule in the production of evidence is that "it must correspond with the allegations, and be confined to the point in issue." 1 Greenl. Ev. § 51. Judgment affirmed, with costs. All concur.