AMERICAN BOILER CO. v. FOUTHAM.

(Supreme Court, Trial Term, New York County. March 15, 1898.)

1. DRAFTS—ACCEPTANCE—FAILURE OF CONSIDERATION.

The defense of failure of consideration is not permissible between the acceptor of a draft and a payee who takes it without notice.

2. SAME—CONSIDERATION.

An unexecuted promise of the drawer is sufficient to sustain an absolute acceptance by the drawee, where the promises are independent, and are to be performed at different times.

3. SAME—SUSPENSION OF REMEDIES.

By changing a sight draft to 60 days, the acceptor suspends all remedies of the holder against the drawer for that time.

4. SAME—CONSIDERATION.

Such suspension of remedies, assented to by the payee, is a good consideration for the acceptance.

Action by the American Boiler Company against Charles F. Foutham. Verdict for the plaintiff, and new trial denied.

Thornall & Pierce, for plaintiff.

Thos. Stevenson, for defendant.

McADAM, J. On July 20, 1895, H. J. Apgar, being indebted to the plaintiff in the sum of $187.15, drew his demand draft upon the defendant, wherein he requested the defendant to pay that amount to the plaintiff. The draft was presented to the defendant, and was accepted by him in these words: "Accepted, and I agree to pay the sum specified herein within sixty days from date." The defense is that Apgar had previous to the acceptance agreed to furnish and set up complete in two houses belonging to the defendant steam-heating apparatus, according to certain specifications, for $887, out of which sum the defendant expected to pay the draft, and that Apgar did not complete his contract, whereby the defendant was injured to the extent of $750 and upward. In other words, the defendant claims that, because Apgar did not complete his contract with him, there was a partial failure of consideration for the acceptance, whereby the acceptance was either wholly or in part avoided.

The defense of failure of consideration is always permissible between the immediate parties to a bill, such as drawer and payee or drawer and acceptor, but not generally between remote parties, as acceptor and payee or acceptor and indorsee, who take without notice of the failure. The plaintiff knew of the contract between Apgar and the defendant, but not of any failure of performance, and is not chargeable with the consequences of such failure. Davis v. Mc-Cready, 17 N. Y. 230. The defendant's acceptance was not conditioned upon performance by Apgar. He absolutely agreed to pay the draft within 60 days, irrespective of performance by his contractor. By his acceptance the defendant became the principal debtor on the bill. Edw. Bills, 430. The independent promise made by Apgar to the defendant formed the consideration for the latter's acceptance. Such considerations, founded upon mutual or reciprocal promises of the parties, are common in business; and bills and notes supported by them have always been held valid. Davis v. McCready, supra; Cameron v. Chappell, 24 Wend. 94; Bank v. McSpedon, 33 Barb. 81; Pars. Notes & Bills, 200, 203; Norris v. Tiffany, 6 Misc. Rep. 380, 26 N. Y. Supp. 750; Rice v. Grange, 131 N. Y. 149, 30 N. E. 46. "A promise is a good consideration for a promise. And it is so previous to performance and without performance." 1 Pars. Cont. (6th Ed.) 448. And where the promises are independent, and to be performed at different times, nonperformance of the one is not necessarily a defense to an action on the other. 6 Am. & Eng. Enc. Law (2d Ed.) 785.

In an action brought in the city court against the defendant by Apgar to recover for the work done upon his contract, the defendant not only affirmed its obligations by claiming damages against Apgar, but affirmed the validity of the acceptance by seeking to charge him as drawer with the amount of the draft as so much money paid to Apgar's use on account of the contract. If, by changing the time for the pay-

ment of the draft from demand on the drawee to 60 days thereafter, the defendant did not absolve the drawer from all obligation thereon (1 Daniels, Neg. Inst. § 515), he at least suspended all remedies of the holder against the drawer until the 60 days expired (Story, Bills, § 252); and this forbearance, assented to by the plaintiff, was of itself a good consideration for the acceptance (1 Pars. Cont. [6th Ed.] 440; 2 Kent, Comm. [12th Ed.] 465; Flanagan v. Mitchell [Com. Pl.] 10 N. Y. Supp. 234; Hamer v. Sidway, 124 N. Y. 538, 27 N. E. 256). The cases relied on by the defendant (Bank v. Drumgoole, 109 N. Y. 63, 15 N. E. 747; Van Wagner v. Terrett, 27 Barb. 181) were actions on conditional orders, and have no application.

There was no merit in the defense, and the verdict in favor of the plaintiff was properly directed. Motion for new trial denied.