Frederick S. Myers, Respondent, *v.* Thomas J. Gallon, Appellant.

*Order drawn by a contractor on his employer and accepted by the latter — right of
the payee, on a default of the contractor, to do the work.*

Where an employer of a contractor accepts an order drawn by the contractor
directing him to pay to the payee mentioned in the order the second payment
to which the contractor should become entitled under the contract, it is the
duty of the employer, in the event of the failure of the contractor to perform
the contract up to the point at which he would become entitled to such second
payment, to permit the payee to perform it to that extent.

If the employer refuses to permit such performance by the payee, he is estopped
from setting up non-performance as a defense to an action brought by the
payee against him upon the order.

APPEAL by the defendant, Thomas J. Gallon, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of June, 1898, upon the verdict of a jury rendered by direction of the court.

*Matthew Daly*, for the appellant.

*Hamilton R. Squier*, for the respondent.

PATTERSON, J. :

Upon the trial of this action the court directed a verdict for the plaintiff, and from the judgment entered thereon this appeal is taken. The action was brought upon an order for money in the following words :

"NEW YORK, *May* 21st, 1895.

"Mr. THOMAS J. GALLON :

"Please pay to Fred. S. Myers or order the sum of eleven hundred and ninety-one dollars when due, same being 2nd payment as per contract made the 25th day of April, 1895, between us as to mason work, &c., to premises 205 East 85th Street, New York City.

"THOMAS BUTLER."

That order was accepted in writing by the defendant, Thomas J. Gallon, and when thus accepted was redelivered to the plaintiff. It appeared in evidence that on the order the plaintiff Myers advanced to Butler the sum of six hundred and ninety-four dollars ($694), and he also took from Butler an assignment of the contract mentioned in the order; but such assignment was taken only as collateral security. Butler proceeded to do the work provided for by his contract with the defendant, but he did not complete it to the point that would entitle him absolutely to the second payment, there being a deficiency of about one hundred and fifty dollars ($150) in value. Thereupon the plaintiff offered to complete the work so that the second payment could be earned, but the defendant refused to allow him to do so, and declared that he would complete the work himself and charge it as against the contract with Butler. Under those circumstances the judge at the trial directed a verdict for the plaintiff.

The principal ground upon which this appeal is based is that the order sued upon did not become operative because Butler failed to complete the work; that, inasmuch as the order was to be paid out

of the second payment, and that second payment never became due, a cause of action did not arise on the order. An unexplained or unexcused default of Butler might have justified the defendant in refusing to pay the plaintiff, for the order undoubtedly was taken by the plaintiff, subject to the performance by Butler of his contract with the defendant, but when Butler made default it was competent for the plaintiff to offer to go on and complete the work so that the second payment might be earned. When he did offer to complete it and the defendant refused to allow that to be done, the prevention of performance was the act of the defendant. It was the duty of the defendant to permit the plaintiff, who had advanced money on this order, to finish the contract up to that point at which he might claim under the second payment the amount to which he was entitled. The defendant having refused to do so, he is estopped from setting up non-performance as a defense. (*Home Bank* v. *Drumgoole*, 109 N. Y. 63 ; *Risley* v. *Smith*, 64 id. 582.) It is claimed, however, by the appellant that the obligation rested upon the plaintiff. to complete the whole of Butler's contract with the defendant, and that the contract could not be severed ; but that severance was made by the defendant himself and not by the plaintiff. The defendant had contracted specifically with Butler to make payments at fixed times, and he had accepted the order to pay to the plaintiff a certain sum from the second payment to become due to Butler under the contract, and this enabled Butler to raise money on the accepted order. If Butler had finished the contract so as to earn the second payment, and had thereafter defaulted before the final payment was due, the plaintiff's right to recover would not have been impaired. Myers was not under obligation to complete the whole contract. His relations to it as assignee were that he held it only as collateral security.

The judgment appealed from should be affirmed, with costs.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred.

Judgment affirmed, with costs.