## MYERS v. GALLON.

(Supreme Court, Appellate Division, First Department.   December 9, 1898.)

ORDERS—ACTION ON.

Plaintiff, having advanced money to B. on an order given by B. on, and accepted by, defendant, to pay plaintiff a certain amount when due, the "same being 2nd payment as per contract" of B. to do certain work for defendant, can maintain action thereon, where, on failure of B. to complete the work to a point where the second payment would become due, plaintiff offers to do the work to such point, and defendant refuses to allow him to do so; it not being necessary for plaintiff to offer to complete the whole contract, though it had been assigned to him as collateral security.

Appeal from trial term, New York county.

Action by Frederick S. Myers against Thomas J. Gallon. From a judgment on a verdict directed for plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Matthew Daly, for appellant.
Hamilton R. Squier, for respondent.

PATTERSON, J.   Upon the trial of this action, the court directed a verdict for the plaintiff, and, from the judgment entered thereon, this appeal is taken. The action was brought upon an order for money in the following words:

"New York, May 21st, 1895.

"Mr. Thomas J. Gallon: Please pay to Fred. S. Myers, or order, the sum of eleven hundred and ninety-one dollars when due, same being 2nd payment as per contract made the 25th day of April, 1895, between us as to mason work, &c., to premises 205 East 85th street, New York City.

                                                   "Thomas Butler."

That order was accepted in writing by the defendant, Thomas J. Gallon, and, when thus accepted, was redelivered to the plaintiff. It appeared in evidence that on the order the plaintiff, Myers, advanced to Butler the sum of $694; and he also took from Butler an assignment of the contract mentioned in the order, but such assignment was taken only as collateral security. Butler proceeded to do the work provided for by his contract with the defendant, but he did not complete it to the point that would entitle him absolutely to the second payment, there being a deficiency of about $150 in value. Thereupon the plaintiff offered to complete the work so that the second payment could be earned, but the defendant refused to allow him to do so, and declared that he would complete the work himself, and charge it as against the contract with Butler. Under those circumstances, the judge at the trial directed a verdict for the plaintiff.

The principal ground upon which this appeal is based is that the order sued upon did not become operative, because Butler failed to complete the work; that inasmuch as the order was to be paid out of the second payment, and that second payment never became due, a cause of action did not arise on the order. An unexplained or unexcused default of Butler might have justified the defendant in refusing to pay the plaintiff, for the order undoubtedly was taken by the plaintiff subject to the performance by Butler of his contract with the defendant; but, when Butler made default, it was competent to the plaintiff to offer to go on and complete the work, so that the second payment might be earned. When he did offer to complete it, and the defendant refused to allow that to be done, the prevention of performance was the act of the defendant. It was the duty of the defendant to permit the plaintiff, who had advanced money on this order, to finish the contract up to that point at which he might claim under the second payment the amount to which he was entitled. The defendant having refused to do so, he is estopped from setting up nonperformance as a defense. Bank v. Drumgoole, 109 N. Y. 64, 15 N. E. 747; Risley v. Smith, 64 N. Y. 582.

It is claimed, however, by the appellant, that the obligation rested upon the plaintiff to complete the whole of Butler's contract with the defendant, and that the contract could not be severed; but that severance was made by the defendant himself, and not by the plaintiff. The defendant had contracted specifically with Butler to make payments at fixed times, and he had accepted the order to pay to the plaintiff a certain sum from the second payment to become due to Butler under the contract, and this enabled Butler to raise money on the accepted order. If Butler had finished the contract, so as to earn the second payment, and had thereafter defaulted before the final payment was due, the plaintiff's right to recover would not have been impaired. Myers was not under obligation to complete the whole contract. His relations to it as assignee were that he held it only as collateral security.

The judgment appealed from should be affirmed, with costs. All concur.