Alfred A. SMITH and another, respondents, v. Benjamin SACHS, appellant. (Supreme Court, Appellate Division, Second Department. March 3, 1916.) Application denied, with $10 costs.

---

Rose SOBEL, Respondent, v. Sarah Philip SOBEL, individually and as Executrix and Trustee, etc., and Frederick Sobel, impleaded, etc., Appellants. (Supreme Court, Appellate Division, First Department. February 11, 1916.) Appeal from Special Term, New York County.

PER CURIAM. The order appealed from should be modified by striking therefrom, after the words "the financial condition of the defendant Frederick Sobel," the following: "And of the differences between the plaintiff and the defendant Frederick Sobel prior to such assignment"—and, as so modified, affirmed, without costs. Settle order on notice.

---

Samuel H. SPEAR v. Charles A. ROBINSON and another (two cases). (Supreme Court, Appellate Division, First Department. February 11, 1916.) Application denied, with $10 costs. Order signed. Motion for stay denied, with $10 costs. Order filed.

---

Henry SPURDLE, appellant, v. Gertrude SPURDLE, respondent. (Supreme Court, Appellate Division, Second Department. March 17, 1916.) Judgment affirmed, with costs. No opinion. Jenks, P. J., and Thomas, Stapleton, Mills, and Putnam, JJ., concur.

---

Leo S. STAMM, appellant, v. Charles D. PURROY and John Purroy Mitchel, respondents. (Supreme Court, Appellate Division, Second Department. March 3, 1916.) Motion denied, with $10 costs.

---

Theodore W. STEMMLER, Applt., v. Edward G. ALSDORF et al., Respts. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Judgment affirmed, with costs. No opinion. Order filed.

---

Theodore W. STEMMLER v. Edward G. ALSDORF et al. (Supreme Court, Appellate Division, First Department. February 25, 1916.) Motion denied, with $10 costs. Order filed.

---

The STENOPTYPE SALES CO., Plff.-Respt., v. Alma M. GOLDZIER and Charles Goldzier, Defts.-Applts. (Supreme Court, Appellate Term, First Department. February 1, 1916.) Appeal by defendants from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Third District, in favor of plaintiff, after a trial by a judge without a jury.

PER CURIAM. Affirmed.

BIJUR, J. (dissenting). I dissent. It seems to me that the provision of the contract on the part of Alma Goldzier in which she agrees as "part consideration" for the stenotype "to enroll as a student in the course of stenotypy in the Drake Business School, to pursue said course until I shall have passed the prescribed examination of the company (namely, the plaintiff) in such course," etc., imports a corresponding covenant on the part of the company (plaintiff) to see that such course of instruction is adequately and properly given. The mere fact that her agreement to take the course is spoken of as part consideration for the machine sold is quite immaterial. From all the terms of the contract it is quite plain that this court must imply the corresponding agreement of the company as a term of the contract, and it requires neither parol nor other evidence to establish it. See Genet v. Delaware & Hudson Canal Co., 136 N. Y. 593, 608, 609, 32 N. E. 1078, 19 L. R. A. 127; Wilson v. Mechanical Orguinette Co., 170 N. Y. 542, 63 N. E. 550; Risley v. Smith, 64 N. Y. 576; Hearn v. Stevens, 111 App. Div. 101, 97 N. Y. Supp. 566; Sterling v. Maitland, 5 B. & S. 840; McIntyre v. Belcher, 14 C. B. (N. S.) 654; Ogdens, Ltd., v. Nelson, [1904] 2 K. B. 410. If, therefore, defendants are able to prove that the plaintiff failed to carry out an essential term of its agreement, and that Alma Goldzier elected to rescind the contract because of such breach, plaintiff would not be entitled to recover. This presents a fact for the determination of the jury. It is true that defendant offered evidence which in my view of the case was immaterial, namely, as to conversations which support the interpretation which I place upon the contract, but that is of no importance. On the other hand, he was prevented from proving that the plaintiff had failed to furnish Alma Goldzier with a course in stenotypy adequate to enable her to pass the required examination, and duly excepted to the exclusion of such evidence.

---

Caroline STERN v. MUTUAL LIFE INS. CO. et al. (Supreme Court, Appellate Division, First Department. January 28, 1916.) Motion denied, with $10 costs. Order filed.

---

William E. D. STOKES, appellant, v. Orlando T. CARPENTER et al., respondents. (Supreme Court, Appellate Division, Second Department. January 14, 1916.) Order affirmed, with $10 costs and disbursements. No opinion. Jenks, P. J., and Thomas, Stapleton, Rich, and Putnam, JJ., concur.

---

William E. D. STOKES, respondent, v. Orlando T. CARPENTER et al., appellants. (Supreme Court, Appellate Division, Second Department. March 3, 1916.) Motion for leave to appeal to the Court of Appeals granted, and question certified. Settle order before the Presiding Justice.

---

Ellen M. SULLIVAN, respondent, v. The BROOKLYN HEIGHTS RAILROAD COMPANY, appellant. (Supreme Court, Appellate Division, Second Department. February 28, 1916.) Judgment and order reversed, and new trial granted, costs to abide the event, upon the ground that the verdict was against the evidence. Jenks, P. J., and Thomas, Carr, Mills, and Rich, JJ., concur.