ST. CROIX LUMBER COMPANY *vs.* LOUIS C. MITTLESTADT, Executor.

April 2, 1890.

**Purchase of Stock from Corporation by its President at an Under-
value—Ratification by Shareholders.**—Four persons, G. A. T., W.
C., A. K. D., and H. M. T., were the duly appointed and qualified exec-
utors of the last will and testament of L. E. T., deceased. G. A. T. and
W. C. were also shareholders, and president and managing director, re-
spectively, of a corporation in which said deceased held a majority of the
stock at the time of his death. All of the shareholders of said corpora-
tion, including said executors A. K. D. and H. M. T., had full notice and
knowledge, for about three years prior to the death of said G. A. T., of a
certain transaction by which the person last named and said W. C. had,
while said officers of the corporation, as well as executors of the will
aforesaid, transferred to themselves, at par value, shares of the corpora-
tion stock worth more than par, which had been issued to another, and
by him reconveyed, by consent of the shareholders, to the corporation,
but, with said notice and knowledge, had acquiesced in the transaction,
and had also ratified and approved it. *Held,* that after the decease of
said G. A. T. the corporation could not recover in an action brought
against his legal representative to compel a surrender, for the purposes
of cancellation, of a certificate for said stock issued to the deceased in his
lifetime.

**Same — Right of Company to Avoid, when to be Exercised. —** The
transaction, at most, was voidable; and, if the corporation, or any of its
stockholders, desired to repudiate and avoid it, the option so to do should
have been exercised within a reasonable time after knowledge. This
could not be done after an express ratification.

This action was brought in the district court for Washington
county, and removed for trial to Ramsey county, and there tried by
*Kelly,* J., who ordered judgment for defendant and refused a new
trial. Plaintiff appeals from the judgment.

*Fayette Marsh* and *Clapp & Macartney,* for appellant.

*John D. O'Brien,* for respondent.

COLLINS, J. The plaintiff corporation was organized in the year
1872, with an authorized capital of $500,000. Of this sum, $125,000
only has been subscribed and paid in. The defendant is the sole

executor of the last will and testament of G. A. Torinus, who died a stockholder in said plaintiff corporation, March 14, 1887. At the time of the decease of one L. E. Torinus, June 2, 1883, stock had been subscribed and paid for at par value, in said corporation, as follows:

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| L. E. Torinus | - | - | - | - | - | - | - | $ 92,500 |
| G. A. Torinus | - | - | - | - | - | - | - | 5,000 |
| William Chalmers | - | - | - | - | - | - | - | 12,500 |
| Andrew Schou | - | - | - | - | - | - | - | 5,000 |

$115,000

Shares to the amount in value of $10,000 had also been subscribed by one Ruelberg, but he had returned the same to the corporation by consent, and they were treated and considered as unsold and unassigned shares. Four persons had been designated as the executors of his estate by the last will and testament of said L. E. Torinus, two of whom were G. A. Torinus and William Chalmers, aforesaid. All of these executors had duly qualified as such, and were present at a meeting of the stockholders of said corporation, held for the purpose of electing officers, on July 3, 1883. At this meeting, said G. A. Torinus, Andrew Schou, and William Chalmers were elected president, vice-president, and managing director, respectively, and, under the by-laws of the corporation, constituted, *ex officio*, its board of directors. On the same day (July 3d) they met as such board, and adopted a resolution "that the stock-book of said corporation be opened, for the period of ten days, * * * for the purpose of permitting subscriptions of the unsold stock of said corporation." Four days later, said G. A. Torinus and William Chalmers each subscribed for shares at a par value of $5,000,—in all, $10,000,—and which the court finds was the so-called Ruelberg stock. They were each charged with the par value thereof upon the books of the corporation. The transfers were made upon the stock-book, and later on the account against them balanced by entries to the credit of each. At this time (July 3d) this stock was worth more than par, but exactly how much the trial court was unable to determine. The proceedings in regard to this transaction were duly recorded by the sec-

retary upon the plaintiff's books, which were open for inspection at all times. The next annual meeting of the corporation was held July 29, 1884. Every living stockholder was present, and the estate of L. E. Torinus, deceased, was represented by each of the executors aforesaid. At this meeting the "minutes of the last meeting of the stockholders and directors were read and approved," the officers before mentioned were unanimously re-elected, and "thereupon the report of the officers of this corporation was read and examined, and accepted by the stockholders, in accordance with the by-laws in such case made and provided." As the by-laws, which, according to these minutes, were complied with, required the secretary to keep accurate and faithful books of account of all business and operations of the company, a record of the proceedings of the meetings, and to make and present at the annual meeting a full statement of the affairs of the company, it is obvious that this entire transaction was then made known to all concerned by means of the secretary's report. Nor is it asserted by the appellant that those present at the meeting were not advised of just what had transpired in regard to the stock subscription referred to. Prior to September 7, 1885, no steps had been taken looking towards the issuance of stock certificates to the shareholders in this corporation. At a directors' meeting then held, it was resolved by a majority vote that such certificates be issued, including certificates for the shares of stock subscribed for by Torinus and Chalmers in 1883; and certificates were duly issued to each of these persons pursuant to said resolution. The government of said corporation remained the same, substantially, from July 3, 1883, down to the day of the decease of Mr. Torinus, in March, 1887, as before stated. On June 7th of that year, at a meeting of the stockholders, —all being present or represented,—the affairs of the corporation were examined; and, according to the records of said meeting, declared "satisfactory." At this meeting, for some reason not stated, Chalmers asked permission, and was allowed, to surrender his certificate issued for the Ruelberg stock. August 12, 1887, plaintiff caused an entry to be made in its books of account whereby it placed to the credit of "G. A. Torinus, deceased, for and on account of" said stock certificate, the sum of $5,000. The trial court found as a fact, and

the testimony justifies the finding, that the plaintiff corporation, and all of its stockholders, had full notice and knowledge of all the facts connected with the transfer of the stock in question to said Torinus as early as July 29, 1884, and with such notice and knowledge approved the same. This proceeding was commenced December 12, 1887; the object of the first cause of action mentioned in the complaint being to compel the defendant executor to surrender up to plaintiff for cancellation the certificate above mentioned, issued to G. A. Torinus in his lifetime. The plaintiff's appeal is from a judgment on this cause of action in defendant's favor entered upon the findings of the court.

The conclusion below was predicated upon the facts, which the court summarizes in one of its findings, that the corporation and each of its shareholders had full notice and knowledge of this entire transaction for a period of about three years anterior to the decease of Mr. Torinus; and, possessed of this knowledge, acquiesced in, ratified, and approved the same. As those who now complain, and for whose benefit, it is said, this action is prosecuted, acquiesced in these acts for quite a period of time, and, on more than one occasion during the lifetime of Mr. Torinus, after being advised of all that had been done, ratified and approved the same, they cannot now be allowed to assail and cancel the certificate issued to him. The transaction, at most, was voidable; and, if the corporation or any of its shareholders desired to repudiate and avoid it, the option so to do should have been exercised within a reasonable time after knowledge. It certainly cannot be done after an express and undisputed ratification. *Kelsey* v. *Nat. Bank*, 69 Pa. St. 426; *Mt. Washington Hotel Co.* v. *Marsh*, 63 N. H. 230; *Fleckner* v. *Bank of U. S.*, 8 Wheat. 338; *Hotel Co.* v. *Wade*, 97 U. S. 13; *Indianapolis Rolling Mill* v. *St. Louis, F. S. & W. R. Co.*, 120 U. S. 256, (7 Sup. Ct. Rep. 542.)

But the appellant urges that the corporation, and a part, at least, of its shareholders, the heirs-at-law of L. E. Torinus, deceased, are not bound by the failure to disaffirm prior to the death of G. A. Torinus, nor by the acts of ratification relied upon by the respondent, because the last-named person and William Chalmers were said executors. We shall not attempt to point out what duties were imposed

on these men as executors, under the peculiar circumstances, nor to define what their obligations and relations were in the dual capacity of executors of the will and officers of a corporation in which their testator held stock at the time of his death. It is enough to say that their co-executors, two in number, made no effort to repudiate the transaction, although informed about it, or to protect the estate from what they now aver has been a great injury to it. Upon the other hand, they were present at the meetings, and participated in the proceedings by which the acts of Torinus and Chalmers were indorsed and ratified. They were not obliged to actively approve, nor even to silently acquiesce in, any of these measures. The courts were then open to them, upon a proper showing, and without regard to the wishes of Torinus and Chalmers, to protect the estate from being wronged.

Judgment affirmed.

NOTE. A motion for a reargument of this case was denied April 24, 1890