JOHN C. BALLARD and Another v. JOHN ANDERSON and Others.[1]

June 9, 1905.[2]

Nos. 14,412—(143).

**Vendor and Purchaser.**

A contract was made to sell land to three vendees by a vendor, with knowledge of an agreement between them that, if one of them remained and worked faithfully on the land, he would be given a one-third interest therein, and the other two vendees would pay the full consideration for the deed. The third vendee abandoned his contract, and left the land in the actual and exclusive possession of the other two, the plaintiffs. The vendor thereafter procured assignments, through other persons, from the third vendee to one of the defendants, without consideration, but with an understanding that this interest was to be held by him for the benefit of such vendor. The plaintiffs, having paid all the consideration and taxes, and having made improvements, sued all parties concerned, and sought a conveyance of an estate in fee. *Held*, that the vendor, having notice of the contract with the third vendee, and of its abandonment by him, and having received all purchase money from the other vendees, cannot profit by their payment of the consideration and of taxes, and by their improvements, and then assert title to the one-third, based on the default of his assignor, the third vendee. The plaintiffs are entitled to a conveyance of the entire interest in the land upon payment of balance of purchase price.

---

[1]Same v. Same.

June 9, 1905.

Nos. 14,410, 14,411—(141, 142).

Appeals in each case by plaintiffs from a judgment of the district court for Becker county in favor of defendant Detroit Light & Land Company, entered pursuant to the order of Baxter, J., sustaining a general demurrer to the complaint. Reversed.

*Michelet & Michelet* and *M. J. Daly*, for appellants.

*Harris Richardson* and *Jeff. H. Irish*, for respondent.

PER CURIAM.

The questions presented in these actions are identical with those in Ballard v. Anderson, supra, and the same order must be made.

Judgment reversed.

[2] Reported in 103 N. W. 900, 902.

Appeal by plaintiffs from a judgment of the district court for Becker county in favor of defendant Detroit Light & Land Company, entered pursuant to the order of Baxter, J., sustaining a general demurrer to the complaint. Reversed.

*Michelet & Michelet* and *M. J. Daly,* for appellants.

*Harris Richardson* and *Jeff H. Irish,* for respondent.

JAGGARD, J.

In this case a demurrer was interposed by certain of the defendants to an amended complaint. The facts admitted by the demurrer are as follows: In March, 1887, one of the defendants in this action, viz., John A. Teague, was the owner of the lands described in the complaint. At that time, he sold said lands by a contract in writing to the plaintiffs, John C. Ballard and B. T. Morse, and two other persons, viz., I. W. Morse and one of these defendants, John Anderson. The consideration of said land was the sum of $1,650. Prior to April, 1890, one of the vendees in the above contract, viz., I. W. Morse, surrendered his right in and to the contract, and the lands therein described, to these two plaintiffs; and upon that contract the plaintiffs paid defendant John A. Teague the sum of $1,054.24 upon the purchase price of said land. In April, 1890, the defendant Teague entered into another contract for the sale of the same premises to the plaintiffs, and defendant John Anderson for a stipulated consideration of $958.55, which was the balance due on the purchase money and interest upon the former contract. This last contract was executed by the parties to take the place of the first contract for the sale of the land as hereinbefore stated. At the time of the execution of both of these contracts there was an oral understanding between the plaintiffs and the defendant John Anderson that the plaintiffs were to furnish the money to pay Teague for the land; that he (Anderson) was to remain upon the farm and work thereon until all the purchase money was paid; and that, if he did so faithfully, at the time the plaintiffs had paid said purchase money he (Anderson) was to receive an undivided one-third interest in said land, but that, if said Anderson did not so work as aforesaid, he was not to acquire any interest in said lands. All of this was then well understood by said Teague. In August, 1891, the defendant Anderson repudiated his agreement with the plaintiffs and

abandoned the land, and has never paid any part of the purchase money for said land to the plaintiffs or to said Teague. Afterwards, in March, 1892, Anderson assigned one undivided third interest in the land contract heretofore mentioned to the defendant George Sheffield, without receiving any consideration for the same. In June, 1902, George Sheffield and wife, two of the defendants herein, assigned said undivided one-third of said land to defendant A. A. Jones, without receiving a consideration therefor. Both of these alleged transfers were made by the assignors at the request of said Teague, and for the purpose of defrauding the plaintiffs herein. On June 21, 1902, said Teague conveyed by deed an undivided one-third in fee in said lands to said A. A. Jones. There was no consideration for this transfer, and it was made without the knowledge of said Jones. The assignment from defendants Sheffield to Jones was also made without the knowledge of Jones, but by and through the manipulations of said Teague. The said Jones at the request of Teague afterwards executed a deed of said undivided one-third of said premises to defendant Detroit Light & Land Company without consideration, and for the purpose of defrauding plaintiffs. When said Detroit Light & Land Company accepted the deed to said premises from Jones, it did so with the understanding that the interest so conveyed by Jones was to be held by said Detroit Light & Land Company for Teague, the original vendor of said premises. The plaintiffs have lived upon said lands since 1887, and now live upon the same. During this time they have made valuable improvements upon said lands, paid all the taxes, aggregating nearly $400, and paid all the purchase money and interest, except a balance of about $120, which they tendered said Teague when this action was begun.

The complaint sought specific performance of the contract, and a conveyance upon payment of balance of purchase price. The ground of defendants' objections was that the amended complaint did not state a cause of action against the defendants, because the defendant the Detroit Light & Land Company now holds the legal title to the Anderson interest, that the consideration of the contract with it cannot be inquired into by third persons (Pray v. Rhodes, 42 Minn. 93, 43 N. W. 838), and that "the allegations of fraud amount to nothing."

It is wholly immaterial what epithet be applied to this scheme for converting the default of Teague's grantee in duty into a title in him-

self, so that he should receive three-thirds of all the benefits which could come to him under the contract, and still retain a one-third interest in the land. The law will not thus reward his ingenuity. Under the allegations of the complaint—and it is to be borne in mind that in this opinion all the facts herein set forth are assumed to be true for present purposes only—the Detroit Light & Land Company holds the title to the Anderson one-third interest for the benefit of the defendant Teague, the vendor. When he acquired the interest of the third vendee the latter had wholly failed in the performance of his contract, and had abandoned his claim under it. The vendor took with notice of this, for there was a change of possession coextensive with claim of ownership by plaintiffs, if, indeed, actual knowledge may not fairly be attributed to him. Without any intimation of the claim he now makes, he received payment from the plaintiffs of all but a small part (now tendered) of what was to be paid under the contract, and allowed them to pay all taxes and to make improvements. Under such circumstances, his obligation can be discharged only by a conveyance of the whole estate in the land to the plaintiffs herein.

All the parties were before the court, so that the rights of everybody can be finally and fairly adjudicated. The trial court should have overruled the demurrer. If upon trial the facts set forth in the complaint should be sustained, that court should direct a conveyance of the lands to the plaintiffs upon the payment of the remainder of the purchase price.

Judgment appealed from reversed.