WHITWELL
ET AL.
vs.
CREHORE, EX'R.

## WHITWELL, BOND & CO. vs. CREHORE, EXECUTOR, & C.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

A person who endorsed notes at the instance of the transferor, to enable
him to raise money under an assurance that he was never to be liable,
can avail himself of all the original equity against the subsequent holder
who took them after their dishonor.

Where an endorser endorsed for the accommodation of the holders without
receiving any consideration whatever, they cannot recover against him ;
nor their endorsee, who takes the note after its dishonor.

This is an action by the holders against the defendant, as
executor of Caleb D. Jordan, deceased, who was endorser
on five promissory notes, to render his succession liable
for their several amounts. The notes are drawn by
Jordan, Ellis & Co. to the order of Henry Jordan, by him
endorsed, and by Caleb D. Jordan in blank, and also by
Thomas K. Jones & Co. in blank. With these endorsements
on each, the notes sued on are held by the plaintiffs.

The defendant avers the notes in question were endorsed
by the deceased, C. D. Jordan, expressly for the accom-
modation of T. K. Jones & Co., merchants, to enable said
firm to get the notes discounted in bank, and with the special
understanding that Jordan was never to be liable on his
endorsement to the said firm; that the drawers having
failed, Jones & Co. took up said notes after they were
dishonored, and who are now believed to be the true owners
thereof; that the present holders received the notes after
they were dishonored, well knowing the understanding
between the late C. D. Jordan and Jones & Co., for whose
accommodation and without any consideration they were
endorsed by him.

The evidence established the averments in the answer of the defendant. The parish judge decided that even if the original holders, T. K. Jones & Co., were plaintiffs, they could not, under the circumstances, recover; and that the plaintiffs cannot, it appearing that they received the notes sued on after maturity and dishonor, subject to all the equity between the original parties. Judgment being given in favor of the defendant, the plaintiffs appealed.

*Maybin,* for the plaintiffs and appellants.

1. The plaintiffs are the sole owners of the notes sued upon, and gave a valuable consideration for them.

2. That the defendant has not established his defence that Caleb D. Jordan endorsed the notes sued upon under an agreement with Thomas K. Jones & Co; and he should now be compelled to pay them.

3. That Henry Jordan, the brother, and an heir of the deceased, was properly rejected as a witness.

*Gray,* for the defendant.

1. The notes were drawn for a debt due from Jordan, Ellis & Co. to T. K. Jones & Co., and endorsed by the deceased, Jordan, at the request and for the accommodation of said T. K. Jones & Co.

2. The said notes were endorsed by T. K. Jones & Co. to the present plaintiffs sometime after they fell due, and are, therefore, liable to all equities subsisting between the deceased Caleb D. Jordan and the said T. K. Jones & Co. *Chitty on Bills, page* 126, *and the cases there cited.*

3. A note passed after being due, it being out of the common course of dealing, is such a suspicious circumstance as makes it incumbent on the party receiving it, to satisfy himself that it is a good one, and if he omit to do so he takes it on the credit of his endorser and must stand in the situation of the person who was holder at the time it was due. *Chitty, page* 126–7. *Banks* vs. *Caldwell, cited* 3 *D. R.* 81.

4. There is no proof of notice of protest to the deceased C. D. Jordan.

EASTERN DIST.
June, 1835.

WHITWELL ET AL
vs.
CREHORE, EX'R.

A person who endorsed notes at the instance of the transferor, to enable him to raise money, under an assurance that he was never to be liable, can avail himself of all the original equity against the subsequent holder, who took them after their dishonor.

Where an endorser endorsed for the accommodation of the holders, without receiving any consideration whatever, they cannot recover against him, nor his endorsee, who takes the note after its dishonor.

*Bullard, J.,* delivered the opinion of the court.

This suit is brought against the succession of C. D. Jordan, to recover the amount of five promissory notes drawn by Jordan, Ellis & Co. to the order of Henry Jordan, and endorsed by said Henry Jordan, C. D. Jordan and Thomas K. Jones & Co., successively. The plaintiffs allege that they are holders by endorsement from T. K. Jones & Co., and that C. D. Jordan, the defendant's testator, is liable to them as endorser.

The defence set up is, that C. D. Jordan endorsed the notes for the accommodation of T. K. Jones & Co. at their special request, in order to enable them to raise money at bank in Boston, and under a positive assurance that he should never be liable as endorser. It is further alleged, that the plaintiffs are not the *bonâ fide* holders of the notes sued on, and that they were received by them long after they were due, in order to enable them to recover for the benefit of T. K. Jones & Co., who took up the notes at their maturity, on the failure of the makers to provide for their payment. It is further alleged, that the notes were given by Jordan, Ellis & Co., for goods sold them by T. K. Jones & Co., and that C. D. Jordan received no consideration, to the knowledge of the present plaintiffs, who became possessed of the notes, not in the usual course of trade, but after they were due and dishonored.

Judgment being rendered in favor of the defendant, the plaintiffs appealed.

The evidence in the record satisfies us, that the plaintiffs received the notes in question after they were dishonored; that they were taken from T. K. Jones & Co. as collateral security for a debt due by them to the plaintiffs, and consequently that the defendant can avail himself of all the original equity existing between his testator and T. K. Jones & Co.

The only question, therefore, is, whether Jones & Co. could recover of the present defendant; and we concur with the Court of Probates in the opinion that they could not. It is clearly shown by the evidence, that C. D. Jordan

endorsed for their accommodation, without any consideration whatever. One witness, whose testimony is unimpeached, swears positively to the agreement between Jones & Co. and Jordan, that the latter should never be held liable as endorser; and as there is no evidence that he ever endorsed other notes, we consider the identity fully shown. Independently, therefore, of the testimony of Henry Jordan, which was rejected by the court below, on the ground of remote interest in the case, we think the defence is sustained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be affirmed, with costs.