O. A. PRAY *vs.* JOHN J. RHODES, Executor.

November 27, 1889.

**Written Contract — Statement of Consideration — Parol Evidence.—**
It is competent, with some partial exceptions in particular cases, to show by parol that the consideration, as stated in a sealed instrument, was not paid or received, or that it was greater or less or different from that expressed. This may be done for any purpose except to impeach or destroy the contract.

**Accommodation Paper—Evidence.—**The testimony in this case examined, and *held* to have fully justified the trial court in its finding of fact that certain promissory notes were made and delivered as accommodation paper.

Appeal by plaintiff from a judgment of the district court for Dakota county, where the action (an appeal from the probate court) was tried by *Crosby*, J.

*Hiram C. Truesdale,* for appellant.

*Hodgson & Schaller,* for respondent.

COLLINS, J.   November 10, 1882, appellant executed and delivered to one E. W. Grosvenor, now deceased, and payable to his order, with interest, five certain promissory notes, due in three, six, eight, ten, and twelve months, respectively.   Grosvenor died testate, February 12, 1883, having in his lifetime negotiated the three notes first mentioned, and they were paid at maturity by appellant.   The other notes, two in number, were negotiated by respondent as the duly-appointed and qualified executor of the last will and testament of said deceased, and were paid by appellant, December 15, 1883.   An order was duly made by the proper probate court, limiting the time within which claims against the estate of said deceased should be presented for examination and allowance, which time expired October 31, 1883. On April 6, 1885, the appellant presented a claim of $10,464.03 against said estate, being the amount so paid by him on account of said notes, which claim he presented as a contingent one (Gen. St. 1878, *c.* 53, § 46,) and which was disallowed by the probate court. Upon appeal and trial the district court ordered judgment for the

amount of the two notes negotiated by respondent as executor, and paid by appellant December 15, 1883, after the expiration of the period of time fixed for the allowance of claims against the estate. The plaintiff appeals from a judgment entered on this order, contending that the amount paid by him on each of the five notes was a contingent claim, under the statute, and therefore not barred by the order of the probate court limiting the time for presenting claims to October 31, 1883.

On the trial of this case there was introduced in evidence by the appellant a written contract, executed and delivered by said Grosvenor to him simultaneously with the execution and delivery of the notes, whereby, in consideration of the sum of $10,000, evidenced by said notes, Grosvenor sold, assigned, and transferred to appellant an undivided one-twelfth share or interest in all lands "owned, or to be owned," by the former and six other persons, by virtue of a written contract theretofore made, of which a copy was attached. In the contract the land—640 acres, to be acquired for town-site purposes —was described, and the interest or share of each person therein specified. By its terms the other six were to perfect the title to one-half of the entire quantity, without expense to Grosvenor, while he, within four months after a survey thereof, was to procure a title to the other half. All expenses were to be borne by the parties to said contract in proportion to their interests, except as stated above, and in the agreement delivered appellant it was stipulated that he should assume his share of the liability. In connection with this instrument appellant introduced evidence to establish the fact that the lands in question were actually surveyed in September, 1882, the official plats of said survey being filed on March 17, 1883; that the title thereto remained in the general government at the time of the trial; and that no effort had ever been made by the deceased in his lifetime, or by his legal representative, the respondent, to acquire or perfect a title thereto,—all of which the latter admitted.

It is unnecessary for us to consider what obligation the deceased assumed by executing the aforesaid agreement, or what future legal duty he thereby incurred; for the court below found, as a fact, that the notes in question were all executed and delivered as accommoda-

tion paper solely. And this finding was abundantly supported by the testimony of the appellant himself, who, upon his cross-examination, stated that Grosvenor was to meet the notes as they matured; that he expected to do this with the proceeds of the sales of his town lots; that appellant was not to be called upon for any part of the amount; that he (appellant) called them accommodation notes; and that he was to have the one-twelfth interest mentioned in Grosvenor's agreement, without paying a dollar upon these notes. In addition to this, respondent produced from the files of the probate court, and put in evidence, a claim made and filed against this estate (before the expiration of the period fixed for the presentation of claims) by appellant, and for the amount theretofore paid by him upon the three notes first maturing. To this claim was attached the appellant's affidavit, in which he asserted that these notes were executed and delivered by him for the accommodation of the deceased payee; that it was expressly understood and agreed that the latter should pay the notes himself; and that, as a consideration for the use of appellant's name and credit, Grosvenor agreed at the same time to have a one-twelfth interest in 640 acres of Dakota land conveyed to him when the title thereto should be perfected in Grosvenor and other persons interested with him; and, further, that said title had never been perfected. It is indisputable that the interest in land mentioned in Grosvenor's agreement is that referred to in appellant's said affidavit. The testimony establishes beyond a doubt that the notes were, in fact, accommodation paper, and that the interest transferred by the written agreement was in the nature of a bonus for the accommodation and the use of appellant's name.

But the appellant objected to the reception of this class of testimony, contending upon the trial, as he does upon appeal, that it tended to vary and contradict a written instrument in which there was no ambiguity, and about which there could be no misapprehension. There was no attempt here to encroach upon the very familiar rule invoked by counsel, as the rule is now construed, but simply an effort to show by parol that the real consideration of the agreement was not therein expressed. It is now well settled in this country, save where the doctrine may in particular cases require a par-

tial exception, (*Connor* v. *Follansbee*, 59 N. H. 124, and *McConnell* v. *Brayner*, 63 Mo. 461, being examples,) that it is competent to show by parol that no consideration was, in fact, paid or received, or that it was greater or less or different from the one expressed in a contract. The consideration of a sealed instrument may be inquired into. *Jordan* v. *White*, 20 Minn. 77, (91;) *McMillan* v. *Ames*, 33 Minn. 257, (22 N. W. Rep. 612.) It may be done for every purpose, except to impeach or destroy the contract. And had Grosvenor in his lifetime, or his executor after him, brought an action on this paper, no one could have successfully questioned appellant's right to show by parol that they were without consideration,— were merely accommodation notes. Three were paid by him, and became an absolute claim against the estate, prior to the expiration of the period fixed by the probate court for the presentation of claims, as is conceded by all. A claim for the full amount of these notes was filed within the time, but for some reason, not disclosed by the record, not prosecuted, and is now barred by the statute. Gen. St. 1878, c. 53, § 14. The plaintiff was not entitled to judgment for the amount so paid.

Judgment affirmed.