HENRY A. RICE, as Assignee, etc., Respondent, *v.* JAMES
GRANGE, Appellant.

Upon an exchange of promissory notes, each note is a valid consideration
  for the other and is fully available in the hands of its holder. The trans-
  action is in no sense executory but is fully consummated, and no agree-
  ment is to be implied save that expressed in the papers.
The fact, therefore, that one of the notes is not paid at maturity, does not
  sustain a defense of failure of consideration in an action upon the other.
In such an action the defendant, in order to avail himself of the other note
  as a set-off, must set it up as a counter-claim in his answer.
A party having an affirmative defense to an action by way of a counter-
  claim is bound to plead it in explicit terms and not leave it to inference.

(Argued January 22, 1892; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made June 15, 1891, which affirmed a judgment in favor of
plaintiff, entered upon a verdict directed by the court and
affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Samuel H. Drew* for appellant. The defense of failure of
consideration was established, hence the judge erred in direct-
ing a verdict for plaintiff. (*Harris* v. *Clark*, 3 N. Y. 93;
*Burnwell* v. *Jackson*, 9 id. 535; *Coates* v. *F. N. Bank*, 91
id. 26.) Chace having become insolvent, one note should have
been offset against the other. (*Smith* v. *Felton*, 43 N. Y. 423;
*Littlefield* v. *Bank*, 97 id. 581; *Rothschilds* v. *Mack*, 115 id.
1; *Richards* v. *LaTourette*, 119 id. 54.) The court erred in
the direction of a verdict for plaintiff, as defendant had proven
a complete defense. (Code Civ. Pro. § 502; *Springer* v.
*Dwyer*, 50 N. Y. 22; *Van Brunt* v. *Day*, 81 id. 254.)

*Alfred B. Cruikshank* for respondent. One promissory
note is a good consideration for another. Where notes are

exchanged, two absolute debts are created, the notes are not mere accomodation notes, and each holder is a *bona fide* holder for value. (*Rice* v. *Mather*, 3 Wend. 62; *Cameron* v. *Chappell*, 24 id. 94; *Rolfe* v. *Caslon*, 2 H. Black, 571; *Dowe* v. *Schutt*, 2 Den. 621; *McSpedon* v. *T. C. Bank*, 3 Abb. Ct. App. Dec. 133; *Bassett* v. *Bassett*, 55 Barb. 505; *Cobb* v. *Titus*, 10 N. Y. 198.) In such a case there is no implied agreement on the part of either maker to indemnify the other against having to pay his own note or acceptance; but each must rely solely upon his remedy upon the counter bills or notes. (*Buckler* v. *Buttivant*, 3 East. 72; *Wooster* v. *Jenkins*, 3 Den. 187.) There is an implied condition that both notes will be promptly paid at maturity. (*Hornblower* v. *Proud*, 2 B. & A. 327.) On an exchange of notes, the payee or other holder of each may recover against the maker without reference to whether the other note has or has not been paid. (*Newman* v. *Frost*, 52 N. Y. 422; *Burhans* v. *Carter*, 13 Hun, 153; *Howlett* v. *Fitzgibbon*, 16 N. Y. S. R. 804; *Baldwin* v. *Van Dusen*, 37 N. Y. 437.) There was no failure of the consideration of the note in suit. (*Murphy* v. *Lippe*, 3 J. & S. 542.) There was no pretense of a counter-claim or offset in this case till after the trial was virtually ended. (*Cruger* v. *H. R. R. R. Co.*, 12 N. Y. 190; *Clark* v. *Dillon*, 97 id. 370; *E. L. A. Society* v. *Cuyler*, 75 id. 514; *Baird* v. *Mayor, etc.*, 96 id. 567; *Wright* v. *Delafield*, 25 id. 270.) The question whether defendant should have been allowed to amend by setting up a counter-claim is not before this court, and can in no way be considered here. (Code Civ. Pro. § 502; *Richtmeyer* v. *Remsen*, 38 N. Y. 206.)

GRAY, J. This action was upon the promissory note of the defendant, made to the order of Earl B. Chace & Co., and the plaintiff is the assignee of the payees, under an assignment for the benefit of their creditors, executed at a time subsequent to the maturity of the note. The defense set up in the answer was a failure of consideration. The facts as developed upon the trial of the action were precisely these, that in December,

1889, Chace placed in the hands of a broker a promissory note made by Hawkins & Co. to the order of Chace's firm and not yet due. This broker called upon the defendant and offered to give Chace's note in exchange for one of defendant's and this proposition was accepted. Subsequently the broker took the Hawkins note, with Chace & Co.'s indorsement upon it, to the defendant and received from him the note in suit, which was for the same amount as the Hawkins note. When the Hawkins note fell due, it was not paid and was protested. Upon the maturity thereafter of the defendant's note, payment thereof was refused by him. Some three months later Chace & Co. made their general assignment to plaintiff.

The defendant, in support of his appeal from the judgment recovered against him, insists that the defense of failure of consideration was established, and that it was, therefore, error for the trial judge to direct a verdict for the plaintiff. His counsel argues that the defendant's agreement to pay Chace was executory merely and was dependent upon the payment of the Hawkins note. In other words, he considers that there was to be implied in this transaction a promise by Chace that the Hawkins note would be paid at maturity, and that this promise formed the consideration for his promise to pay the same sum to Chace in his note. But the defendant has misapprehended the legal effect of the transaction. Upon the exchange of these notes, the particular transaction between the parties was fully consummated, and was in no sense executory. Each party became the holder for a good consideration of the note delivered. The consideration for the defendant's note was the transfer and delivery to him of the Hawkins note, and was as good and absolute as it would be in any case of an exchange of property. This was a business transaction, and whether the consideration was in an exchange of notes, or was paid in money, is quite the same thing. In an exchange of notes each note is a valid consideration for the other and is fully available in the hands of its holder. (*Cobb* v. *Titus*, 10 N. Y. 198.) The undertaking by Chace & Co., upon their indorsement and transfer of the Hawkins note, was a legal

consideration for the defendant's promise, and no agreement is to be implied which is not expressed upon the papers.

Nor is the defendant entitled in this action to offset a claim upon the Hawkins note.

If the defendant had set up an equitable counter-claim to the plaintiff's cause of action, he might then have been in a position to show that no equities, or rights of others, had intervened, and that the transaction between him and Chace was such as to justify offsetting one note against the other. But such a defense is wholly unavailable to him, for the want of any allegations in his answer making such a counter-claim. His sole defense was a failure of consideration and there was nothing in the answer which amounted to a plea of an equitable set-off. Under our practice a party having an affirmative defense to the action by way of a counter-claim is bound to plead it in explicit terms and not leave it to inference.

Here the defendant pleads a " defense to the cause of action alleged in the complaint," and, after setting it out, avers that it establishes an entire failure of consideration and makes offer to re-exchange the notes. This did not amount to a counter-claim, and he seems to have recognized the fact when, at the close of the trial, he moved " to amend the answer by setting up a counter-claim." The denial of the motion was not excepted to, and an exception would have been unavailing here, as it was discretionary with the court to grant or deny such a motion.

The judgment appealed from should be affirmed, with costs.

All concur, except Maynard, J., taking no part.

Judgment affirmed.