The Bucyrus Steam Shovel and Dredge Company, Respondent, *v.* Siegmund T. Meyer and Arthur L. Meyer, Appellants, Impleaded with James A. Simmons.

*Promissory note — indorsement for the accommodation of the holder.*

On the trial of an action against the indorser on a promissory note, where the defense was that the indorsement was made for the accommodation of the plaintiff, the holder of the note, and upon an agreement with the plaintiff that the indorser would be protected and indemnified against payment of the note, the office manager of the maker testified that on the day the note was dated he was requested by either the president of the plaintiff (a corporation) or by the maker and in the presence of both of them, to take the note to the defendant and get his indorsement thereon; that he took the note to the defendant, but failed to get his indorsement, and on his return told the plaintiff's president

that the defendant had said that if the note were returned to him with a letter stating that the plaintiff's president requested his indorsement, he would give it ; that the witness then wrote the following letter to the defendant while the plaintiff's president was present : "I enclose herewith a note dated this day at two months for $3,857.50, which the Bucyrus Shovel & Dredge Co. [the plaintiff] request that you endorse, [signed] Jas. A. Simmons [the maker] per N. S. Bailey" [the witness] ; and that the note came back indorsed ;

*Held,* that this evidence entitled the defendant to have the jury pass upon the question whether he was an accommodation indorser for the plaintiff or not.

APPEAL by the defendants, Siegmund T. Meyer and Arthur L. Meyer (composing the firm of Siegmund T. Meyer & Son), from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 5th day of January, 1893, upon a verdict in favor of the plaintiff rendered by direction of the court at the New York Circuit, and from an order denying the defendant's motion for a new trial made upon the minutes.

The note in suit was as follows :

"$3,587$\frac{50}{100}$.                    NEW YORK, *March* 20, 1890.

"Two months after date I promise to pay to the order of myself Thirty-five hundred and eighty-seven $\frac{50}{100}$ Dollars at the Commercial National Bank of N. Y. city, value received.

"JAMES A. SIMMONS."

It was indorsed by the maker as payee, and by the appellants under their firm name of Siegmund T. Meyer & Son.

*Melville H. Rogensberger,* for the appellants.

*Albert Symington,* for the respondent.

PARKER, J. :

This is an action on a promissory note alleged to have been made by one Simmons and indorsed by the defendants Meyer.  Simmons did not answer, but the other defendants did, admitting the indorsement, but alleging by way of defense that the indorsement was made for the accommodation of the plaintiff and upon an agreement with it that they would be protected and indemnified against the payment thereof.

On the trial Nathaniel S. Bailey testified that on March 20, 1891, the date of the note, he was the office manager for the maker Simmons ; that he was requested either by the president of the plaintiff

or the maker and in the presence of both of them to take the note in suit to the office of Mr. Meyer to get his indorsement on it; that he failed to get the indorsement, and that on his return with the note he had a conversation with the president of the plaintiff which he details as follows: "I said to him that Mr. Meyer declined to indorse the note. He asked me to make another effort, saying that he wished to have the same indorsement on the paper as he had on the previous paper, so that he could use it at his bank. I told him that Mr. Meyer had said, 'send that note back to me with a letter stating that Col. Harris (plaintiff's president) requests my indorsement on the note and I will place it there.' * * * I wrote a letter to Mr. Meyer while Col. Harris was there, in which I stated that this indorsement was at the request of the Bucyrus Company. This is the letter I wrote:

"'45 BROADWAY, *March 20th,* 1890.
"'Messrs. S. T. MEYER & SON:

"'DEAR SIR — I inclose herewith a note dated this day at two months for $3,857.50, which the Bucyrus Steam Shovel and Dredge Company request that you indorse.

"'Yours truly,
"'JAS. A. SIMMONS.
"'Per N. S. BAILEY.'

"The note came back indorsed."

This is substantially all the evidence relating to the procurement of the indorsement. Other questions were asked of Mr. Bailey and excluded which we think he should have been allowed to answer, in view of the fact that he went to Meyer with the acquiescence, if not at the request of Col. Harris, and that it was upon Bailey's report of what took place that led to the writing of the letter stating that the plaintiff requested the indorsement. He was asked: "Q. Did Mr. Meyer say anything to you as to the purpose or make any inquiries of you, as to the purpose or object for which the Bucyrus Steam Shovel and Dredge Company wished the note? Q. Was anything said by Mr. Meyer at that interview as to whether the indorsement was for the accommodation of the Bucyrus Steam Shovel and Dredge Company? Q. Was anything said at that interview by you to Mr. Meyer as to the use which the note was to be put to?"

It may well be that answers to these several inquiries might have thrown some light on the question whether the indorsement was for the accommodation of the maker or the plaintiff. But without evidence other than that disclosed by the record, the defendants were entitled to have the jury pass upon the question whether they were accommodation indorsers for the plaintiff or not. This right was denied them, the court directing a verdict in favor of the plaintiff. It is quite probable that the suggestion which appears in the record, that the plaintiff surrendered to the maker at the time of receiving the note in suit, a note for substantially the same amount, bearing the indorsement of the defendants Meyer, may have had weight with the court in determining that the defendants were not accommodation indorsers for the plaintiff. Their indorsement on the prior note is suggested only, not proved. It is alleged in the complaint, but denied in the answer. The note was not produced on the trial, nor was any competent evidence tending to show an indorsement, received or offered. Had there been the refusal of the court to permit the defendants to testify that they had not indorsed such a note, would have constituted error.

The judgment should be reversed, and a new trial granted, with costs to the appellants to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, and new trial granted, with costs to the appellants to abide event.