## FIRST NAT. BANK OF VIENNA v. ENGEBRETSON.

Where, in an action by a bank on notes executed to it by defendant, who alleged that the notes were accommodation notes for the bank, the cashier, as a witness for the bank, testified that the bank was the owner of the notes, and that the bank had had the custody of them since their execution by defendant, and that no payment had been made except indorsements of interest appearing on the notes, questions on cross-examination as to the conversation be-

tween the president of the bank and defendant at or just prior to the execution of the notes, and what was done with the notes to show that the notes were accommodation notes, etc., were improper cross-examination because relating to matters not brought out on the cross-examination, and tending to support the affirmative defense.

The rule that a conflict in the evidence precludes the court on appeal from reviewing the evidence does not apply where the issue is immaterial, and does not conclude the rights of the parties, and where, in an action on a note, there was evidence of a consideration for the note, an alleged conflict in the evidence as to whether the notes were intended as accommodation notes for the payee was immaterial, and the court could review the evidence.

The essence of the defense that a note is an accommodation note is want of consideration between the accommodating party and the party accommodated, and a sufficient consideration brings the instrument within the ordinary rules governing commercial paper.

Where in an action by a bank on notes made to it by defendant, who alleged that the notes were for the accommodation of the bank, the evidence showed that defendant gave the notes to the bank, that the president of the bank at the same time gave notes to defendant for the same amount, due at the same time, that the bank gave a credit to defendant for the amount of the notes, and that defendant gave his check therefor to the president, and that the amount thereof was placed to the credit of the president, an instruction that if the notes given by the president to defendant constituted the consideration for the notes given by defendant, and they were worthless, there was no consideration for the notes given by defendant, was inapplicable to the issues and incorrect as a proposition of law.

The evidence of the financial irresponsibility of the president was inadmissible.

Defendant executed notes to plaintiff bank, and its president at the same time gave notes to defendant for the same amount due at the same time. The bank gave defendant a credit for the amount of the notes on his account, and defendant gave to the president a check for the amount, which was credited to the personal account of the president. Defendant knew all the facts of the transaction. **Held,** that the notes given by defendant were supported by a legal consideration, though the notes executed by the president were worthless at a subsequent date, and the defense that the notes were given for the accommodation of the bank or its president was unavailable.

Where notes were supported by a legal consideration, parol evidence of the conversation between the maker and the officers of the payee bank at or prior to the execution of the notes, to the effect that the notes were for the accommodation of the bank and

would never have to be paid, was inadmissible in an action on the notes by the payee.

(Opinion filed, October 19, 1911.)

Appeal from Circuit Court, Clark County. Hon. GEORGE H. MARQUIS, Judge.

Action by the First National Bank of Vienna against Thomas Engebretson. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Reversed and remanded.

*Seward & McFarland* and *J. G. McFarland,* for appellant. *C. G. Sherwood,* for respondent.

SMITH, P. J.   Appeal from the circuit court of Clark county.   Plaintiff sued on two promissory notes executed by defendant to plaintiff bank, and dated November 20, 1906, for the sum of $500 each, one due October 20, 1907, the other November 20, 1907, with interest. The complaint is in the usual form, and alleges that no part of either note has been paid except the sum of $79.50 interest on each note, indorsed June 26, 1908. The answer admits that defendant executed and delivered to plaintiff four promissory notes for $500 each, two of which are the notes described in the complaint, and denies each and every other allegation. For a further defense the answer alleges, in substance, that at the time said notes were given one H. G. Eggen was president of plaintiff bank and one J. Benjamin Graslie was cashier thereof. "Two. That said notes were given solely for the accommodation of said bank, and without any consideration whatever passing from said bank or any other person to this defendant, as the plaintiff bank and its officers at all times well knew. Three. That at the time said notes were given it was specifically agreed between the officers of said bank and this defendant that said notes were for the accommodation of said bank only, and should be returned to said defendant, and he should never pay anything therefor." Defendant prays that plaintiff take nothing by this action, and that the complaint be dismissed and defendant have his costs. Verdict and judgment for defendant.

This appeal is from the judgment and an order overruling plaintiff's motion for a new trial. At the close of all the evidence

plaintiff moved upon specific grounds stated for direction of a verdict, which was denied, and exception entered. This ruling is assigned as error. Appellant also assigns as error that the evidence is insufficient to justify the verdict, in that it does not show that the notes in question were given for the accommodation of the plaintiff bank; that the evidence does not show that the notes were given without any consideration passing from said plaintiff bank to this defendant; that the evidence shows that said notes were not for the accommodation of the bank, but that actual consideration passed from the bank to this defendant in the full amount of the face of the notes; that the evidence shows that the notes were given for value received by the defendant from the plaintiff bank; and that nothing in the evidence controverts this fact. Various errors are also assigned in the reception of evidence and in sustaining objections to questions asked certain witnesses, and in striking out certain evidence after the same had been received. These assignments present substantially the same questions involved in the specific assignments of insufficiency of evidence above set forth, and do not require separate consideration. Appellant also excepted to certain portions of the instructions given the jury, and particularly wherein the court instructed the jury as follows: "I have called your attention to these three questions twice or three times. One is, 'Were these exhibits (the notes in suit) part of the transaction for the accommodation of the bank?' The other is, 'Was it stated by one of the bank officers then present, the president or cashier, to the defendant at the time of the signing of the notes, that they were part of such transaction for the accommodation of the bank to the defendant, and did he believe that statement to be true, and, believing that statement to be true, sign the notes?' The third is, 'Was there any consideration, the defendant claiming that there was no consideration?' Now, as I have stated as to each of these three questions, the burden is upon the defendant to establish to your satisfaction by a preponderance of the evidence that such was the case, and, if he prevails as to any one of these three questions, the plaintiff cannot recover. * * * If he does not show to your satisfaction by a preponderance of the evidence that one of these three facts is

established, then the plaintiff is to recover the value of the notes
claimed as evidenced by these notes and the indorsements on the
back thereof. * * * It is for you to say whether or not from
that evidence one of the three defenses to which I have called
your attention has been established by a preponderance of the evi-
dence. Each of these notes you will notice in your jury room
says 'for value received,' so there must have been value received,
something of value—consideration must have been given this de-
fendant, or this plaintiff cannot recover in this action. Now, the
evidence indicates that plaintiff claims that the consideration was
furnished in a certain manner, as I understand it; that is to say,
that the original transaction was for the accommodation of the
president of the bank as an individual. That is how I understand
it. The plaintiff claims that the president of the bank as an indi-
vidual gave four certain notes for $500 each to this defendant
Engebretson; that the defendant got these four notes in considera-
tion of four other notes given by him and made payable to this
bank. * * * Now, as I have said, the plaintiff claims that these
four notes given by Hans G. Eggen to this defendant, which notes
were all of the same amount, same dates, same maturities, were
consideration for these four notes, one batch of notes furnishing
the consideration of the other batch of notes. The defendant
claims that the four notes given by this Hans G. Eggen to the
defendant at that time, if they were actually delivered to him,
were absolutely worthless, and were known to the plaintiff bank
to be absolutely worthless. Of course, if they were absolutely
worthless, they were known to the plaintiff bank to be absolutely
worthless, because it was the president of the bank that made the
notes, and, of course, his knowledge would be knowledge to the
bank. As to that question, it is for you to determine upon the
evidence whether or not they were absolutely worthless. If they
were absolutely worthless, then there was no consideration as far
as these four notes are concerned; that is to say, these four notes
signed by Hans G. Eggen as a part of the transaction in the bank
at that time."

The following facts are conclusively established by the evi-
dence in the record: Hans G. Eggen and the defendant had been

intimate friends for something like 25 years, and had had various business transactions; that defendant for a considerable time had been a customer of plaintiff bank, and had deposited and drawn out various amounts of money at intervals during a period of years; that at various times defendant had both loaned and borrowed money, had given and received notes for loans, and was familiar with the methods of transacting such business; that he had owned and operated a livery barn, had been engaged in buying grain, and owned a store which was run by his daughters and had engaged in various other kinds of business, as well as farming, for 26 years. On the 20th of November, 1906, defendant was in the town of Vienna, and was called into the bank by Hans G. Eggen, president of the bank. When Eggen and defendant entered the bank, four promissory notes in the sum of $500 each in favor of plaintiff bank had been drawn up by Eggen, and were lying on the table. These notes were then and there signed by defendant. At the same time Hans G. Eggen executed four promissory notes in the sum of $500 each, payable to the defendant, the dates and maturities of which were identical with the four notes executed by defendant to the bank. The four notes in favor of the bank were delivered to the cashier, Graslie, and the four notes executed by Eggen in favor of defendant were left with the cashier with other papers belonging to the defendant then in the custody of the bank, and a receipt for the notes was delivered to defendant by the cashier. The account of defendant in the bank was immediately credited with the sum of $2,000, the amount of the four promissory notes executed and delivered to the bank, and the defendant signed and delivered to Hans G. Eggen a check in the sum of $2,000, which check was accepted by the bank, and the amount placed to the credit of Hans G. Eggen's account. There is a direct conflict in the evidence of the witnesses as to the conversation which occurred at the time of this transaction between Eggen and Graslie and the defendant. The defendant swears positively that Eggen said to him that the notes were for the accommodation of the bank, that they were merely accommodation notes, and would never have to be paid, but would remain in the bank, and would be returned to him, and he would

never have any trouble over them.  The testimony of Eggen and Graslie in rebuttal of this testimony is to the effect that the transaction was a loan by the bank to the defendant in the sum of $2,000, the proceeds of which were turned over to Eggen for his use and benefit, and as an accommodation to him.  The evidence also shows that at a later date two of the four notes executed by Hans G. Eggen to the defendant and left in the bank were paid off and taken up by Eggen, and that the other two notes are still in the custody of the bank, and are unpaid.  The evidence disclosing these matters was objected to as incompetent and immaterial, and its admission is assigned as error.

[1] Graslie, cashier of the bank, called as a witness by plaintiff, testified that he was acquainted with defendant Engebretson, who had done business at the bank, that the custody of the notes sued on had been with the bank since their execution, that no payment had been made except indorsements of interest appearing on notes, and that the bank of Vienna was the owner of the notes at the time the action was commenced.  Upon cross-examination he was asked to state the conversation between H. G. Eggen and the defendant Engebretson at the time or just prior to the making of the notes, what was done with the notes, and stated the conversation, and that Mr. Engebretson gave the notes to the witness and took credit for them on his open account, just the same as if he had deposited the money or other papers of value that the bank would buy.  All the questions seeking to elicit this testimony were objected to by plaintiff on the ground that they were not proper cross-examination, and were incompetent and immaterial.  These objections were overruled and exceptions taken which are assigned as error.  These rulings were clearly erroneous.  In the case of First National Bank v. Smith, 8 S. D. 101, 65 N. W. 439, plaintiff was called as a witness to prove the signature of defendant to the note in suit and the signature of De Laney Bros. to an indorsement on the note.  No other questions were propounded to him. Defendant's counsel insisted on the right to cross-examine the witness as to the consideration received for the note.  The court said: "The evidence sought to be elicited by the cross-examination

was as to the matter pleaded as an affirmative defense to the action, and was not cross-examination of any matter testified to by the witness on his examination in chief. No rule is better settled that that a defendant cannot on cross-examination introduce his' own affirmative defense unless the witness has in his direct examination been interrogated as to the matters concerning which he is cross-examined. In this case counsel for plaintiff had examined the witness as to the signatures only, and no question was asked touching the matter of the consideration. Clearly the defendant had no right on cross-examination to go into their affirmative defense. Wendt v. Railway Co., 4 S. D. 476, 57 N. W. 226." This ruling was expressly affirmed by this court in Fisher et al. v. Porter et al., 11 S. D. 311, 77 N. W. 112; Bedtkey v. Bedtkey, 15 S. D. 310, 89 N. W. 479. In the case at bar the evidence elicited on cross-examination over plaintiff's objections was in no way related to matters referred to in the direct examination, and clearly had reference to matters pleaded in the answer as an affirmative defense. Plaintiff's objections thereto should have been sustained. Other assignments of error, however, present questions which are decisive of this appeal on its merits, and, to the end that the litigation may be finally terminated, we prefer to place our decision upon those grounds.

[2] Respondent contends that the notes given to the bank were solely an accommodation to the bank and were without consideration, that, as between the maker of the notes and the bank, such facts may be proved by parol, and constitute a complete defense to the action. Respondent further contends it is competent upon such defense to show by parol who was the accommodated party; that in this case there was a direct conflict in the evidence as to whether the notes were given as an accommodation to the plaintiff bank, or to Hans G. Eggen, its president, and, this issue having been settled in favor of respondent by the verdict of the jury, this court may not review the sufficiency of the evidence. The law is correctly stated and well settled by the authorities. Ward v. Stout, 32 Ill. 399; Guild v. Butler, 127 Mass. 386; Hubbard v. Gurney, 64 N. Y. 457; Oldham v. Broom, 28 Ohio St. 41;

Otis v. Von Storch, 15 R. I. 41, 23 Atl. 39; Case v. Spaulding, 24 Conn. 578; Dale v. Gear, 38 Conn. 15, 9 Am. Rep. 353; Whitwell v. Crehore, 8 La. 540, 28 Am. Dec. 141; Pray v. Rhodes, 42 Minn. 93, 43 N. W. 838; Bucyrus Steam Shovel Co. v. Meyer, 70 Hun (N. Y.) 371, 24 N. Y. Supp. 246; Jeansch v. Lewis, 1 S. D. 609, 48 N. W. 128; Brewing Co. v. Mielenz, 5 Dak. 136, 37 N. W. 728; Bryant & Co. v. Arnold, 19 S. D. 106, 102 N. W. 303. But the rule that a conflict precludes the court from reviewing the evidence does not apply when the issue itself is immaterial, and does not conclude the rights of the parties. If it appears that there was a consideration for the notes sued on they are not accommodation notes, and the alleged conflict in the evidence as to whether the notes were intended for the accommodation of the bank or of Eggen, its president, is wholly immaterial. Respondent's counsel say: "We are not defending in this case on the theory that the bank officers promised defendant that these notes would never be collected, but on the theory that the notes were given solely as an accommodation to plaintiff bank." Counsel further urges, the bank officers having induced defendant to give accommodation notes by the representation that the accommodation was for the bank only, that neither the bank nor its officers should be heard to say that the accommodation was for the benefit of the president of the bank. In the latter statement respondent's counsel are apparently attempting to reply upon something in the nature of an estoppel not pleaded arising upon the same facts relied upon to show that the notes were in fact accommodation paper. Their entire argument is founded and rests upon the assumption that the notes in suit were accommodation notes.

[3] The essence of the defense is the want of consideration between the accommodating party and the party accommodated, which want of consideration is always essential to constitute an accommodation contract. A sufficient consideration passing from the party accommodated to the accommodating party necessarily and inevitably changes the character of the transaction, and brings it within the ordinary rule governing commercial paper.

[4] Upon some theory of the law which we are wholly at a loss to comprehend,, the trial court in its instructions to the jury submitted an issue touching the matter of consideration for these notes, which was entirely foreign to any issue made by the pleadings as well as to any competent evidence before the jury, and which instructions, even if pertinent under the issues or evidence, would be clearly erroneous as a statement of the law. The court instructed the jury in effect that if they found from the evidence that the notes given by Hans G. Eggen to the defendant constituted the consideration for the notes given by defendant to the plaintiff bank, and further found that the notes given by Hans G. Eggen were worthless, then the jury should find that there was no consideration for the notes given to the bank, and should return a verdict for the defendant.

[5] This instruction was wholly inapplicable to any issue made by the pleadings, is incorrect as a proposition of law, and the evidence as to the financial irresponsibility of Hans G. Eggen was improperly received by the court over plaintiff's objection. The instruction and evidence were extremely prejudicial to defendant's rights, and would alone require a reversal in this case. But the question is squarely before us on this appeal whether in any possible view of the undisputed facts the notes sued upon could possess the character of accommodation notes. Even if it be assumed, as suggested by the trial court in its erroneous instructions to the jury, that the notes of Hans G. Eggen to the defendant were given as a consideration for the notes executed by defendant to the bank, it could not be successfully contended that the latter notes were without consideration, even though Eggen's notes were shown to be worthless at a later date. Rice v. Grange, 131 N. Y. 149, 30 N. E. 46; Williams v. Banks, 11 Md. 198.

[6] The evidence conclusively shows that the plaintiff bank upon the execution and delivery of the notes gave the defendant a credit of $2,000 upon his account in the bank precisely as though he had then and there deposited $2,000 cash in the bank. It conclusively shows that the defendant executed and delivered to Hans G. Eggen a check against this account in the sum of $2,000, and

that this identical $2,000 was credited to the personal account of Hans G. Eggen in the bank, and that the $2,000 deposited was actually appropriated by and used for the benefit of Hans G. Eggen. The use which may have been made of this money by Eggen is wholly immaterial. It was entirely optional with him to use the money in any manner he might see fit. He might use it in payment of his indebtedness to the bank or to any other creditor. There was no pretense or claim in the defendant's answer or in the evidence that any part of the actual transaction was concealed from the defendant. He is shown to have been a man of at least ordinary business sense and experience. He knew that his account had been credited with this amount of money, and voluntarily drew against the account his check in favor of Eggen. He knew that the amount to be placed to his credit in the bank was the amount represented by his notes executed and delivered to the bank. Suppose the bank, instead of giving defendant's account a credit of $2,000, had handed defendant $2,000 in cash, and defendant had then handed the $2,000 in cash to Hans G. Eggen, and Eggen had deposited it to his own account in the bank, in what possible way would the transaction have been different in fact or in law from the transaction shown by the evidence. It appears conclusively by the uncontroverted facts that there was a full legal consideration for the notes given by the defendant to the plaintiff bank.

[7] Under the decisions of this court sustained by other courts of high authority, it is entirely clear that the evidence as to the conversation between the defendant and the officers of the bank at the time of the execution of the notes was incompetent, and should have been excluded under plaintiff's objections. Mead v. Pettigrew, 11 S. D. 529, 78 N. W. 945; Thompson v. McKee, 5 Dak. 172, 37 N. W. 367; Mpls. Threshing Machine Co. v. McDonald, 10 N. D. 408, 87 N. W. 993; Pollen v. Le Roy, 30 N. Y. 559; Alabama Nat. Bank v. Rivers, 116 Ala. 1, 22 South. 580, 67 Am. St. Rep. 99; Central Savings Bank v. O'Connor, 132 Mich. 578, 94 N. W. 11, 102 Am. St. Rep. 433; Stack v. Beach, 74 Ind. 571, 39 Am. Rep. 113; Shuey v. Adair, 18 Wash. 188, 51 Pac. 388,

39 L. R. A. 473, 63 Am. St. Rep. 879; Noyes v. Ostrom, 113 Minn. 111, 129 N. W. 142. The trial court should have sustained plaintiff's motion for direction of a verdict at the conclusion of all the evidence. The judgment and the order overruling the motion for a new trial are reversed, and the cause remanded, with directions for further proceedings in accordance with the views expressed in this decision.