C. M. CECIL Co., INC., Respondent, *v.* C. D. WOOD ELEC-
TRIC Co., INC., Appellant.

(Supreme Court, Appellate Term, First Department, June, 1918.)

Contracts — when equity will imply a promise.
Counterclaim — pleading — negotiable instruments — evidence.

Where plaintiff, in consideration of defendant's purchase of
a considerable stock of manufactured flashlight cases, agreed
by letter not only not to sell or manufacture such cases for
any one else for a period of one year but also to furnish
further articles of the same kind during that period to defendant
at a fixed price, equity will imply a promise on the part of
plaintiff not to voluntarily facilitate the making of the same
articles by any other person through a transfer to him of the
means of manufacture possessed by plaintiff, and that it would
maintain its ability to supply defendant's further possible
demands.

Where, in an action upon a promissory note, the defendant
both as a defense and as a counterclaim pleads that the note was
given in part payment of said flashlight cases under said con-
tract and that relying thereon defendant delivered the note in
suit, but that immediately thereafter plaintiff sold and delivered
all its dies, machinery and paraphernalia for the making of such
cases to the largest dealer in such at the place where the con-
tract was entered into, who was also the principal customer of
defendant, and all evidence offered by it as to any of the facts
so pleaded, except the letter embodying the contract, was
excluded, a judgment in favor of plaintiff entered on a directed
verdict will be reversed and a new trial granted on the ground
that plaintiff had violated its implied promise to retain the
efficiency of its own manufacturing establishment and that it
would in any event not affirmatively facilitate the production
of the same goods by any one else.

APPEAL by defendant from a judgment of the City
Court of the city of New York, in favor of plaintiff,
entered upon a directed verdict.

Wood, Cooke & Seitz (William G. Cooke and Howard O. Wood, of counsel), for appellant.

Milton Gladstone, for respondent.

Bijur, J.   This action was brought upon a promissory note dated August 7, 1917.   As a defense and also as a counterclaim defendant sets up that the note was given in part payment of 23,000 flashlight cases and that the contract between the parties entered into simultaneously is expressed in a letter as follows:

" New York, *August 7th,* 1917.
" Mes. C. D. Wood Electric Co.,
" 441 Broadway,
" New York City:
" Gentlemen.— In considerations of your purchasing from us 23,000 nickeled tin two cell flashlight cases at 2½ cents each, we agree not to sell or manufacture these cases for any one else but your firm for a period of one year.

" In the meantime should you require another shipment of these cases we will make same for you at 5 cents each providing we can procure the metal.

" We also agree to make good any defective cases which you may find from the lot which you purchased from us.

" Yours very truly,
" C. M. Cecil Co., Inc.,
" *Treas.*"

That relying upon said agreement defendant delivered the note sued on but that immediately thereafter plaintiff " sold and delivered all its dies, machinery and paraphernalia for the making of such flashlight cases to the person or concern who was the largest dealer in such flashlight cases in the city of New York," who was also the principal customer of the defendant.   In the counterclaim the defendant

alleges the same facts and that through the consequent loss of its market it suffered damages of $600.

The learned judge below excluded all evidence offered by the defendant as to any of the facts thus set forth, except that the letter itself was received in evidence.

Although defendant does not from the record seem to have explained in the court below the theory of its counterclaim, it contends on this appeal that it is based upon plaintiff's breach of a promise which, from the language of the agreement, even apart from any surrounding circumstances, must necessarily be implied. Such a promise will be implied '' where equity and justice require the party to do or refrain from doing the thing in question '' but only '' where we may rightfully assume that it would have been made if attention had been drawn to it.''  *Genet* v. *D. & H. Co.,* 136 N. Y. 593, 609; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.,* 102 id. 205, 210 *et seq.*  The purpose of the contract pleaded by the defendant is not doubtful.  In expressed consideration of defendant's purchase of a considerable stock of manufactured articles from plaintiff the plaintiff agreed not only not to sell or manufacture this article for any one else for a period of one year, but also to furnish further articles of the same kind during that period to defendant at a fixed price.  Although the parties manifestly thought it unnecessary that the plaintiff should at the same time expressly agree that it would not voluntarily facilitate the making of the same articles by any other person through a transfer to that person of the means of manufacture possessed by the plaintiff, or that it would maintain its ability to supply the defendant's further possible demands therefor, it is quite evident that that was the intention of the parties.  It seems to me, therefore, that '' equity and justice '' require that such promise be implied from the agreement.  The applications of this well estab-

lished principle have been so numerous and have covered so wide a range of implications as to make it practically impossible to cite all of them. Notable examples, however, will be found in *Patterson* v. *Meyerhofer*, 204 N Y. 96; *Wells* v. *Alexandre*, 130 id. 642; *Creamer* v. *Metropolitan Securities Co.*, 120 App. Div. 422. See also *Stirling* v. *Maitland*, 5 B. & S. 841; *Ogdens, Ltd.*, v. *Nelson*, 2 K. B. (1904) 410. The rule was also recognized in *Jugla* v. *Trouttet*, 120 N. Y. 21, but the court in that case declined to imply a promise on the part of the plaintiff to continue in business for the defendant's benefit because, as it said at pages 26 and 27, among other reasons: " They (plaintiffs) did not in express terms, undertake to sell him (defendant) gloves *for any specified time.*" In the case at bar it will be observed that, in addition to plaintiff's promise not to supply any competitors *during a specified time,* it expressly agreed to supply the defendant *during that period.* I am of opinion, therefore, that plaintiff by disposing of its machinery for manufacturing the articles covered by the agreement to a person other than the defendant, and particularly to a customer of the defendant, violated the promise, which we must imply, that it would retain the efficiency of its own manufacturing establishment, and would, in any event, not affirmatively facilitate the production of the same goods by any one else.

Since defendant has interposed a counterclaim as well as a defense based on these considerations, it is not necessary to determine whether its contention that there was a " failure of consideration " for the note arising out of plaintiff's breach of its implied promise is sound or not. See *Rice* v. *Grange*, 131 N. Y. 149.

Guy and Weeks, JJ., concur.

Judgment reversed, new trial ordered with costs to appellant to abide event.