SMITH, Superintendent of Banks, Appellant, v. FUNSTON et
al, Respondents.

(208 N. W. 776.)

(File No. 6053.   Opinion filed May 5, 1926.)

1.  **Bills and Notes—Accommodation Maker—Note, Executed by A.
    to Bank to Take up Debt of B. in Consideration of Note of
    B. and Wife to A., Held Not Accommodation Note (Rev. Code
    1919, Sec. 1733).**

    Note for $15,000, executed by A. to bank to take up debt of
    B. in consideration for a note executed by B. and wife to A.
    for the same amount, held not an accommodation note, in view
    of Rev. Code 1919, Sec. 1733.

2.  **Appeal and Error—Admission and Rejection of Testimony on an
    Issue of Fraud Is Within Court's Discretion, and Error Only
    When Its Discretion Is Abused.**

    Admission and rejection of testimony on an issue of fraud
    is within court's discretion and error only when its discretion
    is abused.

---

Note.—See, Headnote (1), American Key-Numbered Digest, Bills
and notes, Key-No. 96, 8 C. J. Sec. 403; (2) Appeal and error, Key-
No. 970(1), 4 C. J. Sec. 2785.

On Sec. 1733, Rev. Code 1919, see annotations, U. L. A., Vol.
5, Sec. 29, pg. 166.

Appeal from Circuit Court, Minnehaha County; HON. HER-
BERT B. RUDOLPH, Judge.

Action by F. R. Smith, as Superintendent of Banks of the
State of South Dakota, acting in charge of and in behalf of the
International State Bank, against George E. Funston and others.
Judgment was rendered for defendants, a new trial denied, and
plaintiff appeals. Judgment and order denying new trial affirmed.

*M. G. Luddy,* of Sioux Falls, for Appellant.

*T. M. Bailey* and *Lynch & Doyle,* all of Sioux Falls, for Re-
spondents.

DILLON, J.   This action is based on allegations of fraud,
deceit, and embezzlement.   At the trial the plaintiff asked, not
alone for a money judgment, but for a fraud or tort judgment.
The plaintiff went to trial under his complaint, and the following
facts were established:   That in the early part of 1921 Geo. E.
Funston was president of the International State Bank of Sioux

Falls, S. D., and the owner of 327 shares of its stock, and was indebted to the bank in the sum of, approximately, $15,000; that said Funston wished to remove his notes from the bank; that there was nothing to show that such notes, signed by said Funston, were not entirely good and collectable; that said Funston's mother-in-law, Mina Keith, was a good safe risk for bank credit for $15,000, being the owner of considerable stock in the Colman State Bank; that said Funston and wife, Genevieve K. Funston, arranged with said Mina Keith to borrow $15,000; that said Mina Keith executed her note for $15,000, which was good and acceptable, payable to the International State Bank; that, in exchange for that note, said Mina Keith received a promissory note executed by said Funston and wife; that it was agreed between them that, if for any reason the note was not paid, the amount should be deducted from said Genevieve K. Funston's share of said Mina Keith's estate; that before Mrs. Keith's note was taken into the International State Bank of Sioux Falls, this state, the matter was presented to and discussed by all of, the members of the committee of officers and directors of the said bank, known as the loan committee; that the loan committee unanimously approved and accepted the note; that the note of said Funston was then taken out of the bank; that, as matters then stood, the International State Bank had a good and collectable note; that the amount of the indebtedness of the officers to the bank was reduced by that amount; that some time in September of 1921 the superintendent of banks wrote a letter to the International State Bank, ordering the Keith note taken out of the bank; that, after receiving the letter, said Funston went to Pierre, and conferred with the deputy superintendent of banks, and explained to him the way the Keith note came into the bank; that said deputy superintendent of banks told said Funston to return to Sioux Falls; and that, if there was anything necessary to be done further in regard to the Keith note, they would bring it up in correspondence later on; that the state banking department continued to take the position that the Keith note should be removed from the International State Bank; that on October 12, 1921, said Funston and wife gave to said Mina Keith their note secured by a second mortgage on a well-improved half section of land in Lake county; that the first mortgage on that half section was for $35,000; that said Mina Keith indorsed that

note without recourse, and executed an assignment of the mortgage to the bank; that the note so secured was put before the loan committee of said bank; that one of the directors, who was a member of the loan committee, and also a director, and who was an expert in real estate values, made an inspection of said half section, and came to the conclusion that it was worth $200 per acre at that time; that the loan committee then approved the note, and the note and mortgage were taken into the said bank; that the Keith note for $15,000 was taken out of the bank some time in December of 1921; that the loan register of the bank showed all of the particulars in regard to the loan, including prior incumbrance; that such record was inspected from time to time by appellant's examiner.

When plaintiff rested its case, the defendants moved the court to direct the jury to return a verdict in favor of defendants and each of them upon all of the issues for the following reasons:

"First. That the undisputed evidence shows that the note for $15,000 mentioned in the complaint herein, and made the basis for this cause of action, was not an accommodation note, but was given for a valuable consideration.

"Second. That there is no showing of any intent on the part of defendants to defraud the bank, and no evidence of fraud, embezzlement or unlawful acts on the part of defendants is shown as alleged in the complaint.

"Third. That the undisputed evidence shows that the directors, and each of them, had knowledge of the two loans that the notes secured. The second mortgage was, on three separate occasions, approved by said board of directors, which removes the case from the consideration of the jury.

"Fourth. That the evidence is entirely insufficient to show any fraud, embezzlement or unlawful acts on the part of the defendants, which would entitle the plaintiff to obtain a fraud judgment as prayed for in his complaint.

"Fifth. The evidence is entirely insufficient to sustain the cause of action set out in plaintiff's complaint.

After which the case was reopened, and the defendants separately moved the court to instruct the jury to return a verdict in favor of the defendants and against the plaintiffs on the ground

and for all of the reasons above stated, and on the further ground that no fraud or deceit was practiced by the defendants or any of them upon the International State Bank; and the undisputed evidence shows that all of the facts and circumstances relating to the notes in question were known to the officers and directors and loan committee of the bank, and the matters were conducted with their full knowledge and consent.

The jury returned a verdict against plaintiff and in favor of all the defendants upon all of the issues, and thereafter the court entered judgment for all of the defendants, and dismissed plaintiff's complaint upon its merits and for defendants' costs. It is from such judgment and an order denying a new trial that appellant appeals.

[1] Assignment No. 21, pertains to the principal point in the case of whether or not the Keith note for $15,000 was an accommodation note. We think not. Section 1733, R. C. 1919, defines an accommodation party as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

8 C. J. 225:

"Accommodation paper is paper to which an accommodation party has put his name without consideration. It follows that the paper is not accommodation paper if there is an accommodation accruing to the accommodation party for the signing, and the fact that the consideration fails does not make the paper accommodation paper."

The facts as disclosed by the record are that said Geo. E. Funston owed said bank $15,000; that he wished to remove such indebtedness; that his mother-in-law, Mina Keith, who was, financially responsible, and a good bank risk for $15,000, was willing to take up his notes in said amount, which she did, receiving in consideration therefor a note for $15,000, signed by said Funston and Genevieve K. Funston, his wife. It was agreed between them that, if for any reason the note was not paid, the amount of it should be deducted from said Genevieve K. Funston's share of

said Mina Keith's estate. It conclusively appears, therefore, that the Keith note for $15,000 was executed to said bank in consideration of a note for a like amount being executed by said Funston and Genevieve K. Funston, payable to Mina Keith, and appellant's contention that it was an accommodation note is entirely untenable. First National Bank of Vienna v. Engrebretson, 132 N. W. 786, 28 S. D. 185; State Bank of Fillmore v. Hayes, 92 N. W. 1068, 16 S. D. 365.

Assignment of error No. 1 relates to the affairs of the bank prior to the placing of the Keith note in the bank, and was entirely irrelevant.

Assignments Nos. 2 and 3 deal with issues outside of the case, and we fail to find any prejudicial error therein.

[2] Assignments 5-18, inclusive, predicate error in rulings upon testimony. On an issue of fraud the admission and rejection of testimony is within the discretion of the trial court, and becomes error only when there is abuse of such discretion. First Nat. Bank v. Harvey, 137 N. W. 365, 29 S. D. 284. We have examined these assignments carefully, and fail to find that there has been an abuse of discretion by the trial court.

Assignment No. 19 predicates error in the instructions to the jury. We fail to find that the instructions were in any manner prejudicial to appellant.

Assignment No. 20 relates to the insufficiency of the evidence, and does not merit any consideration, in view of the conclusion of this court.

The judgment and order denying a new trial are affirmed.

MISER, Circuit Judge, sitting in lieu of SHERWOOD, J.